■ In the Matter of BRIDGET TT. et al., Children Alleged to be Neglected. DAVID J. CLOVSKY, as Commissioner of the Schenectady County Department of Social Services, Respondent; TABITHA K., Appellant. [609 NYS2d 969] —Weiss, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered April 7, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

Respondent is the mother of two children. On February 17, 1993, she consented to a finding of neglect based upon the extensive allegations in the petition. At that time and subsequently at the dispositional hearing, she consented to all the proposed terms of disposition except term No. 10 relating to a protective order concerning her new paramour (hereinafter Mr. M.). A protective order prohibited Mr. M. from having contact with the children and term No. 10 of the disposition required respondent to honor and support the constraint in the protective order.

Petitioner addressed only term No. 10 of the order at the dispositional hearing. On this issue, petitioner introduced a

comprehensive letter evaluating the risk posed to respondent's children by the presence of Mr. M. in their home. The letter was from the Family Services of Chemung County, Inc., where Mr. M. had been evaluated and treated concerning his sexual molestation of several children including his own son. The letter report was jointly signed by Mr. M.'s counselor, the coordinator and the clinic director. Petitioner rested and respondent then called Mr. M. to testify. He testified about his sexual abuse conviction, his therapy and his relationship with respondent. Family Court concluded that the significant level of risk posed by respondent's contact with Mr. M. warranted the imposition of the condition. Respondent has appealed from the order of disposition.

Respondent contends that the failure to hold a full dispositional hearing necessitates a reversal and remittal. We disagree. Initially, we observe that the dispositional hearing was within seven weeks of the fact-finding hearing; that respondent consented to the terms of disposition, except term No. 10, at both the fact-finding hearing and the dispositional hearing; that respondent was given the opportunity to withdraw her consent to the neglect findings; and that respondent was given a full opportunity to offer evidence and otherwise address every element of the proposed disposition. Having received the consent of all parties to all of the dispositional terms excepting No. 10, and with respondent requesting petitioner to justify *only* that condition, we find no error in the failure of Family Court to hold a full hearing on the consensual terms of disposition (*see, Matter of Katrina W.,* 171 AD2d 250, 256-257, *appeal dismissed* 79 NY2d 976, *cert denied sub nom. Rosalyn W. v Suffolk County Dept. of Social Servs.,* — US —, 113 S Ct 217; *see also, Matter of Rachel G.,* 185 AD2d 382, 383-384).

Nor do we find error in Family Court's determination of dispositional condition No. 10. The court received the letter report concerning the risk to the children posed by Mr. M. which, while hearsay, was admissible (Family Ct Act § 1046 [c]; *People ex rel. Cusano v Leone,* 43 NY2d 665, 668, n 2; *see also, Matter of Blaine,* 54 Misc 2d 248). Respondent produced testimony from Mr. M. who, *inter alia,* verified his counselor's knowledge of his condition. Respondent declined to call the counselor although given the option of an adjournment for that purpose. Nor, as previously noted, did she care to withdraw her consent to the order.

In sum, the record supports Family Court's determination concerning dispositional term No. 10.

Cardona, P. J., Mikoll and Peters, JJ., concur. Ordered that the order is affirmed, without costs.