■ In the Matter of ANGELA OO. and Another, Children Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEAN OO., Appellant. [611 NYS2d 685] —Weiss, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.) entered August 18, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused.

Respondent is the biological mother of two children, a son born in 1976 and a daughter born in 1978. Family Court found that the children had been subjected to sexual abuse. Against the son, respondent's acts included incest, masturbation and oral sex, all while the child was 15 years old. Respondent was also found to have provided her 13-year-old daughter with alcoholic beverages until she was in a drunken stupor. Then, together with her paramour while both were nude, they disrobed the child and subjected her to acts of significant sexual abuse. Respondent appeals only from so much of the

order of disposition as required that visitation with the children (who were placed in petitioner's custody) be supervised.

The dispositional hearing was scheduled 3½ weeks after the fact-finding hearing and the record shows that respondent was provided with the proposed terms of disposition beforehand. At the hearing, the proposed terms were introduced without objection or comment by respondent and she failed to offer any evidence in opposition. Family Court referred back to its findings of fact and the serious nature of the abuse and concluded that the requested disposition was entirely appropriate and entered the proposed order with consent of the parties.

We find no merit to respondent's first contention that the supervised visitation imposed by Family Court was tantamount to a termination of her visitation rights. Respondent's suggestion that petitioner did not comply in good faith with the order under appeal is not properly part of this appeal.*

We similarly find the remaining contention regarding the failure to hold a full dispositional hearing on the issue of visitation to be without merit. The particularly egregious conduct of respondent had been demonstrated at the fact-finding hearing with overwhelming proof which included respondent's detailed confession. She was given a full opportunity to offer evidence and to otherwise address every element of the proposed disposition. We find that under these circumstances, there was more than sufficient information available to Family Court to enable it to make a reasoned decision (see, Matter of Bridget TT., 203 AD2d 623; Matter of Katrina W., 171 AD2d 250, 256-257, appeal dismissed 79 NY2d 976). Nor do we find error with the terms imposed upon respondent's right of visitation.

Cardona, P. J., White, Casey and Peters, JJ. Ordered that the order is affirmed, without costs.

---

* At the conclusion of the dispositional hearing, Family Court specifically informed respondent that she had the right to file for a modification if justified by any change of circumstances. At the conclusion of one year, petitioner sought a one-year extension of the children's placement. That placement and a continuation of the supervised visitation was granted on respondent's consent. The record contains a supplemental determination of the court dated September 16, 1993 which indicates that respondent was incarcerated at that time.