■ In the Matter of PAUL Z., a Child Alleged to be Severely Abused. KAREN AA., Appellant; PAUL N., Respondent. [891 NYS2d 530]—

Lahtinen, J.

Respondent, the father of Paul Z. (born in 2003), was convicted in 2005 of manslaughter in the second degree for the death of the child's mother. In May 2004, respondent allegedly strangled the child's mother in the child's presence (and the presence of another older child of the mother). He then disposed of her body in a shallow grave where it was discovered about five months later. In the interim and very shortly after the disappearance of the child's mother, petitioner, the child's maternal grandmother, filed a petition pursuant to Family Ct Act article 6 seeking custody of the child. She was granted custody in June 2004 and the child, who was about one year old at the time of his mother's homicide, has lived continuously

with petitioner for a period now exceeding five years. Petitioner commenced the current proceeding in 2008 alleging that respondent's manslaughter conviction for the death of the child's mother established that he had severely abused the child (*see* Social Services Law § 384-b [8] [a] [iii] [A]) and that his parental rights should thus be terminated (*see* Social Services Law § 384-b [4] [e]).

At the initial appearance, petitioner and respondent (via telephone) were present with their attorneys, as well as the child's Law Guardian and an attorney from the Albany County Department for Children, Youth and Families (hereinafter Department). The Department's attorney related to Family Court his opinion that, in light of respondent's conviction, a finding that there was no requirement of reasonable efforts at reunification could be made as part of the termination determination. The Department's attorney also indicated that he did not believe that further involvement by the Department was necessary. Thereafter, petitioner moved for summary judgment terminating respondent's parental rights. The Law Guardian urged that petitioner's motion be granted. Respondent opposed the motion. Family Court observed that, since petitioner had custody under Family Ct Act article 6 rather than as a result of a Family Ct Act article 10 placement, no authorized agency had made diligent efforts to promote respondent's relationship with the child and there had not been an agency application for a judicial determination that diligent efforts were not necessary. This led the court to conclude that petitioner lacked standing and, thus, the court denied the motion and dismissed the petition (21 Misc 3d 864 [2008]). Petitioner, supported by the Law Guardian, appeals.

In 2006, the Legislature "amend[ed] the [S]ocial [S]ervices [L]aw, in relation to termination of parental rights on the grounds of homicide of a parent or a sibling of the child" (L 2006, ch 460). The express purpose of the legislation was to "fill the gaps in the severe abuse statute" by providing that, as to certain listed homicide convictions, "[e]ach of these convictions would thus constitute grounds for terminating parental rights and would be included in the categories of cases for which filing of such petitions would be presumptive" (Senate Mem in Support, 2006 McKinney's Session Laws of NY, at 1930; *see* Mem of Legis Rep of City of NY, 2006 McKinney's Session Laws of NY, at 1931; Rep of Family Ct Advisory and Rules Comm, 2006 McKinney's Session Laws of NY, at 2464). Severe abuse elements under the pertinent provision include, first, showing the person perpetrated one of the various listed heinous acts (*see* Social

Services Law § 384-b [8] [a] [i], [ii], [iii]) and, second, establishing that diligent efforts toward reunification have been made by an agency or judicially waived upon application by the agency (*see* Social Services Law § 384-b [8] [a] [iv]). The reasonable efforts requirement may be waived when the agency shows, among other things, that the child was subjected to "aggravated circumstances" (Family Ct Act § 1039-b [b] [1]), which incorporate the acts listed in subdivision(8) of Social Services Law § 384-b (*see* Family Ct Act § 1012 [j]).

Here, it is undisputed that respondent was convicted of a crime that satisfied the first element of severe abuse. The problem, as explained by Family Court, is that the Department did not engage in reasonable efforts at reunification or apply for a judicial waiver of that requirement. The apparent reason for the Department's lack of action in such regard is that the child came into the custody of petitioner under Family Ct Act article 6 almost immediately after his mother's disappearance and petitioner has continuously cared for the child, thus obviating any need for the Department to act. And, as reflected by the comments of the Department's attorney at the initial appearance in this matter, the Department ostensibly believed Family Court could rule on the merits of the petition without its involvement. We agree with Family Court that the requested termination of parental rights cannot occur consistent with the statute in the absence of a role by the Department, and thus summary judgment was properly denied. However, we find that dismissal of the petition was not necessary under the narrow circumstances presented by this proceeding.

The statute provides that a proceeding under its provisions can be originated by "a relative with care and custody of the child" (Social Services Law § 384-b [3] [b]). Although contained in a section not directly involved here, the statute nevertheless evinces an intent, in a situation where termination should be addressed and an agency has failed to act, to permit action by another interested party and joining the agency in the proceeding (*see* Social Services Law § 384-b [3] [*l*] [iv]). Where necessary to effect the best interests of the child, directing participation by an agency is appropriate (*see* Family Ct Act § 255; *cf. Matter of Dale P.*, 84 NY2d 72 [1994]; *Matter of Patricia HH. v Laura II.*, 200 AD2d 115 [1994]), and Family Court can require a necessary party to be joined (*see* CPLR 1001; *Matter of Remillard v Luck*, 2 AD3d 1179, 1180 [2003]; *Matter of Tyrone G. v Fifi N.*, 189 AD2d 8, 15-16 [1993]).

The Department's lack of participation apparently resulted from the fact that petitioner had provided sufficient care for the

child and, as reflected by the comments of the Department's attorney, the Department did not believe it was a necessary participant for termination to proceed. There is no indication the Department otherwise opposed participation or the relief requested. In order to avoid erecting unnecessary steps, creating new "gaps," and countenancing further delay in addressing this issue that bears on the best interests of the child (*see Matter of Dale P.*, 84 NY2d at 78-79), the petition should be reinstated and the Department joined as a party so that the reasonable efforts issue can be properly resolved. In such regard, the petition can successfully proceed only if the Department— now that it knows it has an indispensable role if termination is to occur—decides that an application for a judicial waiver of the reasonable efforts requirement is appropriate under the circumstances, such an application is made and Family Court grants that application. Respondent, of course, has the right to continue contesting all aspects of the proceedings.

Mercure, J.P., Peters, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the petition; petition reinstated and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.