In the Matter of KAILYNN WW., Alleged to be a Severely Abused Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEREMY WW., Appellant. [914 NYS2d 387]—

Peters, J.P. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered April 16, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Kailynn WW. to be a severely abused child, and terminated respondent's parental rights.

Respondent, the father of Kailynn WW. (born in 2007), was sentenced to two years in prison upon his March 2008 plea of guilty to the crime of assault in the second degree after he admitted to repeatedly striking the child on her head and body. In June 2008, petitioner commenced a proceeding against respondent and the child's mother[1] alleging that the child had been neglected, abused and severely abused. Thereafter, in December 2009, Family Court granted petitioner's motion for summary judgment adjudicating the child to be, among other things, severely abused based upon respondent's criminal conviction and relieving petitioner of its obligation to make reasonable efforts to reunite respondent with the child. Petitioner then commenced this proceeding seeking to terminate respondent's parental rights on the ground of severe abuse. Following a hearing, Family Court terminated respondent's parental rights and freed the child for adoption. Respondent appeals,[2] and we affirm.

Respondent contends that petitioner failed to make reasonable efforts to reunite him with his daughter prior to being relieved of its obligation to do so. As respondent did not oppose petitioner's motion for a determination to relieve it of this obligation, the issue is not preserved for our review (see Matter

1. The mother surrendered her parental rights in December 2009.

2. Parenthetically, we note that the record contains a dispositional order adjudicating the child to be permanently neglected. Although no appeal was taken from this order, as petitioner argues and respondent concedes, permanent neglect was neither alleged nor proven and the order in no way reflects the litigation in this matter.

*of Stephiana UU.*, 66 AD3d 1160, 1164 [2009]). In any event, diligent efforts towards reunification may be retrospectively excused where, as here, such efforts on the part of petitioner would have been detrimental to the best interests of the child (*see Matter of Marino S.*, 100 NY2d 361, 373 [2003], *cert denied* 540 US 1059 [2003]; *Matter of Carlos R.*, 63 AD3d 1243, 1245 [2009], *lv denied* 13 NY3d 704 [2009]; *see also* Family Ct Act § 1039-b [b] [4]; Social Services Law § 384-b [8] [a] [iv]).

Respondent's assertion that Family Court failed to comply with the requirements of Social Services Law § 384-b (8) (f) prior to terminating his parental rights is without merit. Social Services Law § 384-b (8) (f) provides that, upon a finding of severe abuse, Family Court must hold a dispositional hearing addressing whether the best interests of the child require termination of parental rights or entry of a suspended judgment. Here, following Family Court's summary determination that the child was severely abused, the only issue to be resolved was whether to terminate respondent's parental rights or enter a suspended judgment, and the parties were informed that a hearing would be held for that purpose. While inappropriately labeled a "fact-finding" hearing, the hearing that ensued was clearly dispositional in nature. Testimony was presented regarding, among other things, the special needs of the child, her progress in her current foster home, respondent's capacity to care for the child and the availability of potentially suitable relatives for placement. Respondent was provided an opportunity to offer evidence and sufficient proof was presented so as to allow Family Court to make a reasoned decision as to which disposition would serve the child's best interests (*cf. Matter of Angela OO.*, 204 AD2d 768, 769 [1994], *lv denied* 84 NY2d 803 [1994]; *Matter of Katrina W.*, 171 AD2d 250, 256-257 [1991], *appeal dismissed* 79 NY2d 976 [1992], *cert denied* 506 US 876 [1992]). Accordingly, we find no error.

Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.