■ In the Matter of ALICIA EE., a Child Alleged to be Severely Abused. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; ADAM FF., Appellant. (And Another Related Proceeding.) [927 NYS2d 181]—

Peters, J.P.

Respondent is the father of Alicia EE. (born in 2003). In September 2008, based upon respondent's physical abuse of the child and subsequent conviction of assault in the second degree and aggravated assault on a person less then 11 years old, Family Court found that she was abused and relieved petitioner of its obligation to use reasonable efforts to reunite her with re-

spondent. Thereafter, petitioner commenced a proceeding to terminate respondent's parental rights and, as relevant here, moved for summary judgment in the fact-finding portion of the proceeding with regard to adjudicating the child to be severely abused. Respondent cross-moved to stay the proceedings pending the outcome of his criminal appeal.

In an order entered May 14, 2010, Family Court granted petitioner's motion for summary judgment based upon respondent's criminal conviction and denied respondent's cross motion to stay the proceedings. Thereafter, Family Court held a dispositional hearing and, in an order entered August 23, 2010, terminated respondent's parental rights and freed the child for adoption. Respondent appeals from both orders.

Initially, respondent argues that Family Court erred in denying his request for a stay of the proceedings pending the outcome of his criminal appeal. Inasmuch as petitioner's criminal conviction has now been affirmed by this Court on appeal, we find that his challenge to Family Court's denial of his request for a stay has been rendered moot (see e.g. Matter of Vivian OO., 34 AD3d 1084, 1084-1085 [2006]; Matter of Isaiah DD., 293 AD2d 811 [2002]).

Turning to respondent's contention that Family Court erred in terminating his parental rights rather than entering a suspended judgment, pursuant to Social Services Law § 384-b (8) (f), once the court has made a finding of severe abuse, it must hold a dispositional hearing to address which of these alternatives serves the best interests of the child (see Matter of Kailynn WW. [Jeremy WW.], 80 AD3d 839, 840 [2011]). Here, the record demonstrates that the child has been placed with foster parents who have the capacity to address her special needs and are willing to adopt her, and the child is doing well in school and participating in extracurricular activities. Conversely, respondent has twice been convicted of physically abusing the child, is incarcerated until at least 2014, is subject to an order of protection prohibiting contact with the child until she turns 18 and conceded during the hearing that she is doing well in her current placement. Accordingly, we find that clear and convincing evidence in the record supports Family Court's conclusion that termination of respondent's parental rights was in the child's best interests (see Social Services Law § 384-b [8] [f]; Matter of Brendan N. [Arthur N.], 79 AD3d 1175, 1178 [2010], lvs denied 16 NY3d 702, 735 [2011]; Matter of August ZZ., 42 AD3d 745, 748 [2007]).

We have examined respondent's remaining contentions and find them to be without merit.

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the appeal from the order entered May 14, 2010 is dismissed, as moot, without costs. Ordered that the amended order entered August 23, 2010 is affirmed, without costs.