[956 NYS2d 639]

In the Matter of CADENCE SS., a Child Alleged to be Severely Abused. AMY RR., Appellant; JOSHUA SS., Respondent, et al., Respondents.

Third Department, December 20, 2012

**APPEARANCES OF COUNSEL**

*Peter J. Scagnelli*, Albany, for appellant.

*Mitch Kessler*, Cohoes, for respondent.

*Cynthia Feathers*, Glens Falls, Attorney for the Child.

**OPINION OF THE COURT**

Spain, J.

Petitioner and respondent Joshua SS. (hereinafter respondent) are the parents of Cadence SS., a child born in 2004 who is the subject of this proceeding. In 2006, respondent caused the death of Jada TT., another child of petitioner, while caring for both children, by violently shaking her and hitting her head against the bathtub causing cranial cervical dislocation. As a result, Family Court in Greene County (Lalor, J.) determined that respondent had abused Jada and derivatively neglected Cadence. Cadence was briefly in the custody of her maternal grandmother during the investigation, but returned to the custody of petitioner in May 2007, where she remains. In 2008, respondent was convicted of manslaughter in the second degree for Jada's death, and sentenced to a prison term of 5 to 15 years; his judgment of conviction was affirmed on appeal.

In June 2010, petitioner filed this petition seeking to terminate respondent's parental rights as to Cadence on the ground that he had "severely abused" her by causing the death of Jada, for whose care he was legally responsible, resulting in the manslaughter conviction (*see* Social Services Law § 384-b [3] [b]; [8] [a] [iii] [A]). Petitioner subsequently moved to join, as necessary parties, (1) the Greene County Department of Social Services, which had prosecuted the abuse and neglect proceeding against respondent, and (2) the Albany County Department for Children, Youth and Families, the child protective agency in the county where petitioner and Cadence resided when this petition was filed. Petitioner also sought a judicial declaration that

it would not be in the child's best interests to make diligent efforts to encourage and strengthen any relationship with respondent (*see* Social Services Law § 384-b [8] [a] [iv]). Family Court dismissed the petition, in a written decision, finding that petitioner lacked standing to commence a termination of parental rights proceeding against respondent under Social Services Law § 384-b. Petitioner now appeals.

The threshold issue presented by petitioner's petition is whether a parent who possesses custody of a child has the statutory authority to institute proceedings to terminate the parental rights of that child's other parent, on any grounds. Because we find no such authority, we affirm.

Social Services Law § 384-b provides that the guardianship of a child may, by court order, be committed to an authorized agency, a foster parent or "a relative with care and custody of the child" (Social Services Law § 384-b [3] [a]). That statute specifically provides that proceedings to terminate parental rights "may be originated by an authorized agency or by a foster parent . . . or by a relative with care and custody of the child," and that a child's attorney or guardian ad litem may initiate such a proceeding at the court's direction where the authorized agency fails to do so after being court ordered (Social Services Law § 384-b [3] [b]). Petitioner's claim to standing relies on the supposition, unsupportable in our view, that she is "a relative with care and custody of [Cadence]" (Social Services Law § 384-b [3] [b]).

Here, Cadence remains in the care and custody of petitioner, who has an inherent constitutional right, as a fit parent (which is not controverted), to parent her child (*see Santosky v Kramer*, 455 US 745, 753, 758-759 [1982]). In this situation, the child's custody has not been committed by court order to a nonparent and there is no need or cause for such an order (*see* Social Services Law § 384-b [3] [a]). Indeed, according to the legislative findings and intent expressly embodied in Social Services Law § 384-b, this statute was enacted to provide a timely procedure, in appropriate cases, to terminate parental rights and free for adoption children in foster care, who experience "unnecessarily protracted stays in such care without being adopted or returned to their parents or other custodians," depriving them of "positive, nurturing family relationships" (Social Services Law § 384-b [1] [b]). Given that petitioner retains—and by all expectations will continue to retain—full care and custody of Cadence as her mother, a termination petition against respon-

dent could and would not result in the child being freed for adoption, the very purpose of this parental termination statute (*see Matter of Lucinda G.*, 122 Misc 2d 416, 422 [1983]; *compare Matter of Alicia EE. [Adam FF.]*, 86 AD3d 663, 664 [2011], *lv denied* 17 NY3d 713 [2011]). While the phrase "a relative with care and custody of the child" is not defined (Social Services Law § 384-b [3] [b]), it can only be interpreted—consistent with the legislative purpose—to mean a *nonparent* relative with care and custody of a child who could be freed for adoption (*see Matter of Paul Z. [Karen AA.—Paul N.]*, 68 AD3d 1473, 1475 [2009], *lv dismissed* 14 NY3d 749 [2010]).

To be sure, there appears to be no real dispute that respondent "severely abused" Cadence within the meaning of Social Services Law § 384-b (8) (a) (iii) (A) (*see e.g. Matter of Jamaal NN.*, 61 AD3d 1056, 1056-1057 [2009], *lv denied* 12 NY3d 711 [2009]). However, the dispositional alternatives upon such a finding are limited to "(i) committing the guardianship and custody of the child, pursuant to this section, or (ii) suspending judgment" (Social Services Law § 384-b [8] [f]; *see Matter of Kailynn WW. [Jeremy WW.]*, 80 AD3d 839, 840 [2011]). Petitioner already has the care and custody of Cadence and, clearly, is not seeking any change thereto and, as such, no dispositional order would be appropriate were her petition granted. Consequently, a parent with inherent rights to and full custody of a child, such as petitioner, does not fall within the statutory meaning of "a relative with care and custody of the child" for purposes of instituting a termination proceeding against the child's other parent. Simply put, termination of parental rights, a predicate for adoption, is not a statutory option for a parent of a severely abused child to pursue against the abusive parent where the child has remained in the care and custody of the nonabusing parent (*see Matter of Dale P.*, 84 NY2d 72, 81 [1994]; *see also* Family Ct Act § 1055 [d]).

PETERS, P.J., ROSE, McCARTHY and GARRY, JJ., concur.

Ordered that the order is affirmed, without costs.