■ In the Matter of ROBERT A. HEATER, Appellant, v JESSICA L. PEPPIN, Respondent. (And Another Related Proceeding.) [938 NYS2d 666]—

Lahtinen, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 1998, 1999 and 2000). Pursuant to a court order, the mother has sole custody of the children and the father is permitted supervised contact. The father commenced a violation proceeding and, thereafter, he petitioned for joint custody, as well as visitation supervised by his current girlfriend. Family Court held a fact-finding hearing on both petitions at which the father and the mother testified. The father did not, however, call his girlfriend as a witness, stating on the record that he did not want her to have to miss work to testify. Family Court dismissed both petitions. The father appeals asserting as his sole argument that he was denied effective assistance by virtue of his counsel's failure to call his girlfriend as a witness.

To establish ineffective assistance of counsel, "the [father] must demonstrate that [he] was deprived of meaningful representation as a result of [his] lawyer's deficiencies" (*Matter of Hurlburt v Behr*, 70 AD3d 1266, 1267 [2010], *lv dismissed* 15 NY3d 943 [2010]; *see Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]). The record reveals that the father's counsel conducted competent direct and cross-examinations, as well as asserted appropriate objections. It is clear from the record that

counsel had discussed with the father about producing the girlfriend at the hearing, and the father was the one who decided that he did not want to inconvenience his girlfriend by having her testify. While she appears to be an important witness in light of the relief that the father was seeking, it is not apparent from this record that she would have necessarily provided testimony favorable to the father's case. Moreover, Family Court's bench decision reflects a variety of reasons for its denial of the petitions, including, among others, the children not wanting additional contact with the father. In the context of this case, the father failed to show that he was deprived meaningful representation as a result of his counsel honoring his direction not to require his girlfriend to testify (*see generally Matter of Baker v Baker*, 283 AD2d 730, 731 [2001], *lv denied* 96 NY2d 720 [2001]; *Matter of Hudson v Hudson*, 279 AD2d 659, 661 [2001]; *Matter of Thompson v Jones*, 253 AD2d 989, 990 [1998]).

Peters, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.