*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                          520299
_____

In the Matter of DALILA N.
    BENNETT,
                    Appellant,

        v

JEREMY M. ABBEY,
                    Respondent.

(Proceeding No. 1.)

_____          MEMORANDUM AND ORDER

In the Matter of JEREMY M.
    ABBEY,
                    Respondent,

        v

DALILA N. BENNETT,
                    Appellant.

(Proceeding No. 2.)

(And Another Related Proceeding.)
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

        Margaret McCarthy, Ithaca, for appellant.

        Samuel Castellino, Big Flats, for respondent.

Christopher G. Quinlan, Corning, attorney for the child.

_____

Egan Jr., J.

Appeal from an order of the Family Court of Schuyler County (Morris, J.), entered December 19, 2014, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Dalila N. Bennett (hereinafter the mother) and Jeremy M. Abbey (hereinafter the father) are the unmarried parents of a son (born in 2008). In 2012, the parties, both of whom then resided in Schuyler County, entered into an order on consent wherein they were awarded joint legal custody of the child with primary physical custody to the mother and extensive visitation to the father – specifically, alternating weekend visitations, certain midweek visitations and alternating two-week visitations during the summer. In February 2014, the mother commenced the first of these proceedings seeking to reduce the father's visitation periods with the child – contending, among other things, that the father was not utilizing the visitation that he had been awarded. Less than two months later, the mother elected – without informing the father or seeking prior approval from Family Court – to relocate to the City of Watertown, Jefferson County. The father then commenced the second of these proceedings alleging substantial interference with his visitation rights and seeking primary physical custody of the child. Thereafter, in July 2014, the father – after finding what he estimated to be 200 flea bites on the child – filed another petition seeking temporary physical custody of the child pending resolution of the prior petitions.

A fact-finding hearing ensued, whereupon it was agreed that proof would be adduced as to all three petitions, as well as with respect to the mother's unilateral decision to relocate to Jefferson County. After hearing testimony from the parties and the child's paternal grandfather, Family Court, among other things, found that the mother's relocation constituted a change

in circumstances and, further, that the child's best interests would be served by continuing joint legal custody with primary physical custody to the father and specified periods of visitation to the mother.  The mother now appeals, contending only that she was denied the effective assistance of counsel.

"A finding of ineffective assistance of counsel requires that the proponent demonstrate that he or she was deprived of reasonably competent and, thus, meaningful representation" (Matter of Robinson v Bick, 123 AD3d 1242, 1242 [2014] [internal quotation marks, brackets and citations omitted]; see Matter of Heater v Peppin, 92 AD3d 1169, 1169 [2012]).  Counsel's representation need not be perfect (see People v Gokey, 134 AD3d 1246, 1247 [2015], lv denied ___ NY3d ___ [May 9, 2016]) and, as "[i]t is not the role of this Court to second-guess counsel's trial strategy or tactics" (Matter of Bella FF. [Margaret GG.—James HH.], 130 AD3d 1187, 1190 [2015] [internal quotation marks and citation omitted]), a party seeking to prevail on an ineffective assistance of counsel claim must do something more than engage in hindsight speculation as to the viability of counsel's strategy (see Matter of Alexisana PP. [Beverly PP.], 136 AD3d 1170, 1172-1173 [2016]).

Initially, to the extent that the mother faults counsel for failing to amend or file certain pleadings and, further, for consenting to the joinder of the father's July 2014 modification petition with the previously filed petitions for purposes of the underlying hearing, we find the mother's arguments to be unpersuasive.  The record reflects that counsel entered a general denial as to the father's April 2014 petition, and Family Court, in an effort to expedite these proceedings, urged the parties to "use [their] judgment" with respect to the filing of additional pleadings — particularly in view of the fact that all parties were "on notice" of the then recent allegations made by the mother, as well as the need to address the relocation issue. Additionally, when questioned as to the possibility of "merging" the father's July 2014 petition with the matters scheduled for the fact-finding hearing, counsel indicated that he was prepared to proceed.  Inasmuch as all relevant issues were fully explored at the ensuing hearing, we find no basis for concluding that counsel's performance was deficient in this regard (see Matter of

Shangraw v Shangraw, 61 AD3d 1302, 1304 [2009]).  We reach a similar conclusion with respect to counsel's alleged shortcomings in terms of conducting pretrial discovery.  Although the mother chastises counsel for failing to subpoena certain child protective services records, counsel may well have made a tactical decision that, in light of the mother's admission that she previously had been under the supervision of the local department of social services, production of such records would not reflect favorably upon his client (see Matter of Bonneau v Bonneau, 97 AD3d 917, 918 [2012], lv denied 19 NY3d 815 [2012]; Matter of Hurlburt v Behr, 70 AD3d 1266, 1267-1268 [2010], lv dismissed 15 NY3d 943 [2010]).

As for counsel's performance at the hearing, it is well settled that counsel's decision to forgo an opening statement "is not necessarily indicative of ineffective legal representation" (People v Aiken, 45 NY2d 394, 400 [1978]; see People v Rose, 307 AD2d 270, 271 [2003]; compare Matter of Jaikob O. [William O.], 88 AD3d 1075, 1077 [2011]).  Similarly, "the failure to call particular witnesses does not necessarily constitute ineffective assistance of counsel — particularly where the record fails to reflect that the desired testimony would have been favorable" (Matter of Ysabel M. [Ysdirabellinna L.–Elvis M.], 137 AD3d 1502, 1505 [2016] [internal quotation marks, ellipsis and citations omitted]; see Matter of Thompson v Gibeault, 305 AD2d 873, 875 [2003]).  The mother's further assertions — that counsel was unprepared for the hearing, failed to effectively cross-examine the father, misapplied the law governing the mother's relocation request and neglected to elicit sufficient information regarding the alleged economic necessity for the move — are equally unavailing.  Our review of the record confirms that counsel conducted a vigorous cross-examination of the father (particularly with respect to the father's exercise of his visitation rights under the prior order and the injuries that the child sustained while in his care), raised appropriate objections and otherwise made a cogent presentation of the mother's request for relocation.  In this regard, while the mother's testimony as to the economic necessity for the move and the precise manner in which such move was in the child's best interests indeed lacked a certain measure of specificity, counsel may well have made a tactical decision not to dwell upon these matters — particularly

if close scrutiny of those issues would not have benefitted the mother. The remaining deficiencies cited by the mother are equally meritless and, as we are otherwise satisfied that the mother received meaningful representation, her ineffective assistance of counsel claim must fail.

Finally, although not directly raised by the mother in her brief, with agree with the father and the attorney for the child that the mother's unilateral relocation, "which significantly increased the visitation distance between [the father] and the child" (Matter of Gregio v Rifenburg, 3 AD3d 830, 832 [2004]) and effectively rendered the father's midweek visitations with the child impossible, constituted a change in circumstances, thereby triggering a best interests inquiry by Family Court. Further, upon due consideration of all of the relevant factors, we are satisfied that the best interests of the child warranted granting the father primary physical custody. Accordingly, Family Court's order is affirmed.

Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court