Matter of Matthew E. (Laura E.) (2021 NY Slip Op 01532)





Matter of Matthew E. (Laura E.)


2021 NY Slip Op 01532


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

527626

[*1]In the Matter of Matthew E., Respondent, Laura E., Appellant. (And Other Related Proceedings.)

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Cheryl L. Sovern, Malta, for respondent.
Nikki J. Moreschi, Glens Falls, attorney for the children.



Aarons, J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered June 28, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2007, 2009 and 2010). In 2016, the father commenced the first of these proceedings seeking sole custody of the children. The mother subsequently filed a separate petition seeking, among other things, sole custody of the children. Following a hearing, Family Court granted the parties joint legal custody of the children with the father having primary physical custody. The court also directed, among other things, that the mother would have therapeutic visitation with the child as the parties could arrange and telephone contact with the children at the discretion of the father. The court further prohibited the mother from recording conversations with the children. The mother appeals.
"When making an initial custody determination, Family Court is guided by the best interests of the children" (Matter of Lorimer v Lorimer, 167 AD3d 1263, 1264 [2018] [citations omitted], appeal dismissed and lv denied 33 NY3d 1040 [2019]; see Matter of Snow v Dunbar, 147 AD3d 1242, 1243 [2017]). The hearing evidence reveals that, although both parties had used excessive corporal punishment, the children feared only the mother's use of such punishment. Evidence was adduced that the children were afraid of the mother. The mother also recorded telephone conversations that she had with the children or with the father and used them to show that the father violated prior temporary orders of custody. A caseworker with the Washington County Department of Social Services testified that, based upon the children's responses, she believed that the mother was coaching them to say certain things. A mental health counselor stated that the mother pressured the children not to speak with her or to have them say that they wanted to be under her custody. The counselor further stated that the older son was more guarded when discussing the mother.
Meanwhile, the father ceased using corporal punishment after the parties separated and since replaced it with other forms of discipline, such as giving the children a time-out. The father lived in a house in the children's school district and did not have to pay rent for it. The father testified that he took the children to mental health counseling upon the recommendation of a caseworker and that he underwent counseling as well. The father also stated that he tried to maintain a routine for the children and created a to-do list for assistance.
Family Court recognized, and the record reflects, that the mother primarily cared for the children prior to the parties' separation. The court nonetheless found that the father provided stable housing for the children, [*2]was more likely to foster a relationship with the mother and would ensure that the children would remain in counseling. To the extent that the mother highlighted the father's shortcomings or claimed that the father acted in contravention of custody orders, the court did not find her evidence in this regard, including the recorded phone conversations, to be convincing. The court likewise found the mother to be less credible than the father. Deferring to the court's findings and credibility assessments, the court's custodial determination is supported by a sound and substantial basis and, therefore, will not be disturbed (see Matter of Richard EE. v Mandy FF., 189 AD3d 1992, 1994 [2020]; Matter of Michelle B. v Angelo C., 189 AD3d 1907, 1908-1909 [2020]; Matter of Sherrod U. v Sheryl V., 181 AD3d 1069, 1070 [2020]).
The mother also contends that Family Court improperly delegated to the father the authority to determine visitation. Regarding the provision governing therapeutic visitation, Family Court ordered that the mother have such visitation with the children "as the parties can arrange." As such, this aspect of the order did not constitute an improper delegation of authority. However, the provision directing that the mother's telephone contact with the children occur at the sole discretion of the father was improper (see Matter of Marcia ZZ. v April A., 151 AD3d 1303, 1306 [2017]; Matter of Fish v Fish, 112 AD3d 1161, 1163 [2013]). That said, it is unnecessary to remit the matter given that our authority is as broad as Family Court and the record is sufficiently developed (see Matter of Gentile v Warner, 140 AD3d 1481, 1483 [2016]). The order should therefore be modified by deleting so much thereof as allowed the mother telephone contact with the children "at [the father's] sole discretion" and substituting therefor "as the parties can arrange."
Lynch, J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by adjusting the provision governing respondent's telephone contact with the children as set forth in this Court's decision, and, as so modified, affirmed.