Matter of Ronan L. (Jeana K.) (2021 NY Slip Op 03490)





Matter of Ronan L. (Jeana K.)


2021 NY Slip Op 03490


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

528505 528506
[*1]In the Matter of Ronan L. and Another, Alleged to be Neglected Children. Montgomery County Department of Social Services, Respondent; Jeana K., Appellant, et al., Respondent. (Proceeding No. 1.) (And 11 Other Related Proceedings.)
In the Matter of Ronan L. and Another, Alleged to be Severely and/or Repeatedly Abused Children. Montgomery County Department of Social Services, Respondent; Jeana K., Appellant. (Proceeding No. 13.) (And Three Other Related Proceedings.)

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Alexandra J. Buckley, Clifton Park, for appellant.
Marcelle & Giangreco, Albany (Adam G. Giangreco of counsel), for respondent.
Rachel A. Rappazzo, Schenectady, attorney for the child.
Karen R. Crandall, Schenectady, attorney for the child
Mark J. Gaylord, Schenectady, attorney for the children.
John N. Clo, Gloversville, attorney for the children.



Garry, P.J.
Appeals (1) from an order of the Family Court of Montgomery County (Cortese, J.), entered February 20, 2018, which granted petitioner's applications, in 12 proceedings pursuant to Family Ct Act article 10, to, among other things, adjudicate the subject children to be severely and repeatedly abused, and (2) from an order of said court, entered June 28, 2018, which, in four proceedings pursuant to Social Services Law § 384-b, among other things, granted petitioner's motion for summary judgment and terminated respondent Jeana K.'s parental rights.
Respondent Jeana K. (hereinafter the mother) is the mother of six children (born in 2004, 2005, 2008, 2011, 2014 and 2016). Respondent Michael O. (hereinafter the father) is the father of the two youngest children, as well as the father of an adult son who resided in the home during the relevant time frame. In early 2017, petitioner filed four neglect petitions against the mother and the father, alleging inadequate supervision of the children. Petitioner later filed petitions alleging that the mother and the father violated a temporary order of protection. In April 2017, the children were removed from the home and petitioner filed four petitions against the mother, the father and the father's adult son alleging that the children were severely and repeatedly abused, based primarily on the sexual abuse perpetrated by the father's adult son and the parents' knowing failure to prevent the abuse.
After a fact-finding hearing, Family Court found, among other things, that the mother and the father violated the order of protection, all six children were neglected, the four oldest children were severely and repeatedly abused and the two youngest children were derivatively severely abused. Petitioner promptly moved, pursuant to Family Ct Act § 1039-b, to extinguish petitioner's obligation to perform reasonable efforts to reunite the mother and the father with the children. Following a hearing to address that motion and the disposition, the court granted petitioner's motion and determined that it would be contrary to the best interests of the children to reunite them with the mother or the father. Petitioner filed four petitions seeking to terminate the mother's and the father's parental rights to the children, and then moved for summary judgment on those petitions. The court granted the motion, thereby dispensing with a dispositional hearing and terminating the mother's parental rights.[FN1] The mother appeals.[FN2]
As relevant here, a determination of severe abuse requires that the court find, by clear and convincing evidence, not only that the child is an abused child due to the respondent knowingly allowing someone to commit a felony sex offense against the child (see Social Services Law § 384-b [8] [a] [ii]), "but also that [the] petitioner 'made diligent efforts to encourage and strengthen the parental relationship, including efforts to rehabilitate the respondent, when such efforts will not be detrimental [*2]to the best interests of the child, and such efforts have been unsuccessful and are unlikely to be successful in the foreseeable future'" (Matter of Nicholas S. [John T.], 107 AD3d 1307, 1311 [2013], lv denied 22 NY3d 854 [2013], quoting Social Services Law § 384-b [8] [a] [iv]; see Matter of Dashawn W. [Antoine N.], 21 NY3d 36, 53 [2013]). The mother argues that petitioner failed to establish its diligent efforts. Case notes and testimony of a caseworker demonstrated that petitioner offered the mother preventive services, but she declined them; the mother asserted that she would engage in services if they were ordered by a court. A caseworker recommended that the mother enroll some of the children in counseling. When the mother stated that two of the children were on a waiting list, the caseworker offered information on another provider that was more conveniently located; still, the children were not enrolled in counseling.
The caseworker testified regarding other recommendations that she made to the mother that were not followed, including supervising the children, keeping dogs away from the children, cleaning the home, and ensuring proper hygiene for the children. One specific recommendation was that the mother not allow the father's adult son to be alone supervising the six children. After the children were removed, petitioner arranged biweekly visits with the mother, the father and all six children, supervised by two family specialists and sometimes a counselor. The supervisors advised the mother when her conversation or actions toward a child were inappropriate, but she continued to discuss the same topics on future visits. Petitioner regularly met with the children's foster parents and advised the mother of the children's well-being. A schedule was made for weekly phone calls to the children, though a later order required supervision of all electronic communications due to the mother engaging in inappropriate conversations.
The mother had been engaged in counseling on her own, so she did not require a referral in that regard. Although the mother inquired about family counseling, especially with the oldest child, the children's counselor testified that family counseling was not appropriate until the children had completed trauma-focused assessments and had progressed to a point where such counseling would not be detrimental. When the counselor testified, the assessments had just been completed and family counseling would not have been appropriate at that time. Family Court also noted that the mother had been offered services by the Saratoga County Department of Social Services when her children had been removed in 2007 and 2012, and she had apparently not benefited from those services because some of the same problems had recently recurred (i.e., unsanitary living conditions, poor hygiene for the children, inadequate supervision and leaving the children with sexual predators). Giving deference to Family Court's credibility determinations[*3], including findings that the caseworkers were very credible, we conclude that the record contains a sound and substantial basis for the finding that petitioner made diligent efforts, but that those efforts were unsuccessful and were not likely to be successful in the foreseeable future (see Matter of Everett H. [Nicole H.], 129 AD3d 1123, 1126 [2015]).
The proof established that the father's adult son raped two of the children multiple times per week over the course of several years, exposed the four oldest children to sexual conduct and engaged in such conduct while the other children were in the home. Notably, Family Court found that, not only was there "clear and monumental evidence of sexual abuse" in the home, but that, by April 2016, the mother had been advised by the oldest child that she was being sexually abused in the home by this perpetrator. Nevertheless, the mother continued to allow him to live in the home — and she continued to regularly leave him as the sole adult watching the children — until the children were removed from the home a full year later. In short, the mother failed to protect the children by allowing a known sexual predator to babysit them, and she essentially acquiesced in his continued behavior of raping them. Thus, she was responsible for the severe and repeated abuse of the four oldest children and — having demonstrated such an impaired and defective level of parental judgment as to create a substantial risk of harm to any child in her care — for derivative severe and repeated abuse of the two youngest children (see Family Ct Act § 1012 [e] [iii]; Social Services Law § 384-b [8] [a] [ii]; [b] [i]; Matter of Marino S., 100 NY2d 361, 374-375 [2003], cert denied 540 US 1059 [2003]; Matter of Destiny C. [Goliath C.], 127 AD3d 1510, 1513 [2015], lvs denied 25 NY3d 911 [2015]; Matter of Branden P. [Corey P.], 90 AD3d 1186, 1189 [2011]). The findings of severe abuse constituted aggravated circumstances obviating the need for petitioner to engage in future reasonable efforts at reunification (see Family Ct Act §§ 1012 [j]; 1039-b [b] [1]; Social Services Law § 384-b [8]; Matter of Kayden E. [Luis E.], 88 AD3d 1205, 1207 [2011], lv denied 18 NY3d 803 [2012]).
In resolving the severe abuse petitions, Family Court had determined by clear and convincing evidence that the mother had severely and repeatedly abused all six children, which is the necessary finding for terminating parental rights (see Social Services Law § 384-b [3] [g] [i]; [4] [e]; [8] [c], [d]). Upon such a finding, the court is required to either commit the children to petitioner's custody and free them for adoption or enter a suspended judgment, based on clear and convincing evidence at a dispositional hearing that their best interests require such commitment or suspension of judgment (see Social Services Law § 384-b [8] [f]). Petitioner moved for summary judgment on its petitions seeking to terminate the mother's parental rights, as all relevant [*4]facts had been established at the fact-finding and dispositional hearings addressing the neglect and severe abuse petitions. The mother opposed the motion solely through an attorney's affirmation, which lacked probative value and, while asserting that factual issues existed as to best interests, set forth none. The legal issue was addressed in the parties' submissions on petitioner's motion. Accordingly, based on the particular facts contained in the record, Family Court did not err in granting petitioner's motion for summary judgment and dispensing with a dispositional hearing prior to terminating the mother's parental rights (see Matter of Rebecca KK., 53 AD3d 710, 711 [2008]; Matter of Paul C. [Paul M.C.], 28 Misc 3d 1012, 1017-1018, 1021 [Fam Ct, Albany County 2010]; see also Matter of Gregory George L., 19 AD3d 265, 266 [2005]).
"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984] [citations omitted]; see Matter of Natalia T. [Michael T.], 115 AD3d 966, 966 [2014]; Matter of Heyer v Heyer, 112 AD2d 539, 540 [1985]). When the mother's counsel requested an adjournment to subpoena rebuttal witnesses, he stated that he had been in court continuously for approximately a week and implied that he had unsuccessfully attempted to arrange for witnesses to appear voluntarily, but did not indicate why witnesses could not have been subpoenaed earlier, nor did he identify any particular witness whom he intended to call (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Anthony M., 63 NY2d at 283; see also Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [2011]). Even now, the mother does not identify any witness who she would have called had she been granted an adjournment. Hence, Family Court did not abuse its discretion in denying the mother's request for an adjournment (see Matter of Steven B., 6 NY3d at 889).
A parent alleging ineffective assistance of counsel must "demonstrate that he or she was deprived of reasonably competent and, thus, meaningful representation. Counsel's representation need not be perfect" (Matter of Bennett v Abbey, 141 AD3d 882, 883 [2016] [internal quotation marks and citations omitted]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, a respondent's constitutional right to the effective assistance of counsel will have been met" (Matter of Brenden O., 20 AD3d 722, 723 [2005] [internal quotation marks, brackets and citations omitted]). Although the mother's counsel had not engaged in discovery to obtain copies of petitioner's records, Family Court stated that counsel could review the records during a break and object later. Counsel objected to hearsay contained therein and Family Court acknowledged that objection, but noted that hearsay from [*5]the children could be admissible if corroborated (see Family Ct Act § 1046 [a] [vi]). The mother's counsel "thoroughly cross-examined petitioner's witnesses and made many successful objections," and the fact that no witnesses were called on the mother's behalf "does not constitute ineffective assistance of counsel where, as here, only speculation was offered as to the possible witnesses or evidence" (Matter of Brenden O., 20 AD3d at 723; see Matter of Thompson v Gibeault, 305 AD2d 873, 875 [2003]). Moreover, while the mother now asserts that counsel prejudiced her by attempting to introduce evidence of Facebook conversations that occurred in violation of an order of protection, counsel noted on the record that he had explained the danger in raising such conversations but that the mother had insisted on doing so. Another time, when the court chastised counsel for failing to make copies of a proposed exhibit, counsel stated that he had just received the document that day. Thus, it appears that the mother was partly responsible for some of counsel's difficulties. Considering counsel's representation as a whole, we cannot conclude that the mother was deprived of the effective assistance of counsel (see Matter of Bennett v Abbey, 141 AD3d at 883-885; Matter of Brenden O., 20 AD3d at 723).
Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The father consented to a judicial surrender of his parental rights to the two youngest children; petitioner then withdrew the termination petitions against him.

Footnote 2: The six children were represented by four separate counsel, at trial and upon appeal. The attorneys for the children have each submitted briefs advocating for affirmance of Family Court's orders.