Matter of Ariana F.F. (Robert E.F.) (2022 NY Slip Op 00756)





Matter of Ariana F.F. (Robert E.F.)


2022 NY Slip Op 00756


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.


36 CAF 20-00712

[*1]IN THE MATTER OF ARIANA F.F. AND SERENITY R.F. LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
ROBERT E.F., SR., AND TARA M.L., RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT ROBERT E.F., SR.
HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-APPELLANT TARA M.L.
ASHLEY J. WEISS, MOUNT MORRIS, FOR PETITIONER-RESPONDENT.
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeals from an amended order of the Family Court, Livingston County (Barry L. Porsch, A.J.), entered December 5, 2019 in a proceeding pursuant to Family Court Act article 10. The amended order adjudged that respondents had severely abused, abused, and neglected the subject children. 
It is hereby ORDERED that said appeals are unanimously dismissed without costs.
Memorandum: In appeal No. 1, respondent father and respondent mother appeal from an amended order of fact-finding entered pursuant to Family Court Act article 10 determining that Ariana F.F. is a severely abused, abused, and neglected child and determining that Serenity R.F. is a derivatively severely abused, derivatively abused, and neglected child. In appeal No. 2, the father appeals from an order granting the motion of petitioner, Livingston County Department of Social Services (DSS), that reasonable efforts are not required to reunify respondents with the subject children. In appeal No. 3, the mother appeals from the dispositional order in the article 10 proceeding that, inter alia, continued placement of the children in the custody of DSS. In appeal No. 4, respondents appeal from an order pursuant to Social Services Law § 384-b that, inter alia, terminated their parental rights and freed the subject children for adoption.
As a preliminary matter, respondents' right of direct appeal from the amended order of fact-finding in appeal No. 1 and the father's right of direct appeal from the order in appeal No. 2 terminated with the entry of the order of disposition in appeal No. 3, and we therefore dismiss appeal Nos. 1 and 2 (see Matter of Anthony W. [Anthony W.], 200 AD3d 1596, 1596 [4th Dept 2021]). The mother's appeal from the dispositional order in appeal No. 3 brings up for review the propriety of the amended order in appeal No. 1 (see Matter of Bryleigh E.N. [Derek G.], 187 AD3d 1685, 1685 [4th Dept 2020]; Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]). The father, however, did not appeal from the dispositional order. We exercise our discretion to treat the father's notice of appeal from the amended fact-finding order in appeal No. 1 as a valid notice of appeal from the dispositional order in appeal No. 3 (see CPLR 5520 [c]; Matter of Hunter K. [Robin K.], 142 AD3d 1307, 1308 [4th Dept 2016]). The dispositional order also brings up for review the intermediate order in appeal No. 2 (see generally Matter of Alaysha M. [Agustin M.], 89 AD3d 1467, 1467 [4th Dept 2011]).
With respect to appeal No. 3, we reject respondents' contentions that Family Court erred [*2]in determining that they severely abused Ariana and derivatively severely abused Serenity. The abuse allegations came to light after the mother, angry with the father regarding his interaction with other women, left the home and went to a police station, where she reported that the father physically abused her and had sexually abused Ariana for several years. Regarding one incident, the mother told the police that she bathed Ariana pursuant to the father's direction before she had Ariana lie naked next to the father in his bed. She then watched as the father "dry humped" the child. The mother also said that she had seen the two lying naked next to each other. The mother said that the father admitted that he had sex with Ariana. The mother also reported an incident from the previous evening where respondents and the subject children were in bed together, and she believed that the father had sex with Ariana because she felt the bed rocking. Petitioner also presented the testimony of a medical examiner that Ariana had findings on her examination that were consistent with a child who had been sexually abused. In addition, a forensic interviewer testified that Ariana disclosed that the father touched his penis to her vagina while they were both naked. Respondents failed to testify, and the court properly drew the strongest possible negative inferences against them based on that failure (see Matter of Noah C. [Greg C.], 192 AD3d 1676, 1678 [4th Dept 2021]; Matter of Jack S. [Leah S.], 176 AD3d 1643, 1644 [4th Dept 2019]; Matter of Chelsey B. [Michael W.], 89 AD3d 1499, 1500 [4th Dept 2011], lv denied 18 NY3d 807 [2012]).
We conclude that DSS established by clear and convincing evidence that the father committed the felony sex crime of sexual abuse in the first degree (Penal Law § 130.65 [3]) and thereby established that Ariana was severely abused by him (see Family Ct Act §§ 1012 [e] [iii] [A]; 1046 [b] [ii]; 1051 [e]; Social Services Law § 384-b [8] [a] [ii]; Bryleigh E.N., 187 AD3d at 1685-1686; Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]). Further, DSS established by clear and convincing evidence that the mother "knowingly allowed" to be committed the felony sex crime of sexual abuse in the first degree and thereby established that Ariana was severely abused by the mother (Social Services Law § 384-b [8] [a] [ii]; see Family Ct Act § 1012 [e] [iii] [A]; Matter of Ronan L. [Jeana K.], 195 AD3d 1072, 1075-1076 [3d Dept 2021]; Matter of Destiny C. [Goliath C.], 127 AD3d 1510, 1512-1513 [3d Dept 2015], lv denied 25 NY3d 911 [2015]). The " 'determination of Family Court is entitled to great weight and should not be disturbed unless clearly unsupported by the record' " (Chelsey B., 89 AD3d at 1500), and that is not the case here. The court also properly found that respondents derivatively severely abused Serenity (see id.; see generally Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied 540 US 1059 [2003]).
We reject respondents' further contentions in appeal No. 3 that the court erred in failing to require reasonable efforts to reunite the children with them. "Pursuant to Family Court Act § 1039-b, the Family Court may relieve an agency of its obligation to make diligent efforts to reunite a parent and child where the parent has subjected the child to [severe abuse or] derivative severe abuse" (Matter of Aliah J. [Candice J.], 174 AD3d 898, 900 [2d Dept 2019], lv dismissed in part and denied in part 35 NY3d 1104 [2020]; see §§ 1012 [j]; 1039-b [b] [1]), "and the parent fails to demonstrate that, despite the severe abuse, 'reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future' " (Aliah J., 174 AD3d at 900, quoting
§ 1039-b [b]; see Marino S., 100 NY2d at 369-370, 372; Ronan L., 195 AD3d at 1076). Here, as noted, DSS established by clear and convincing evidence that respondents subjected Ariana to severe abuse and subjected Serenity to derivative severe abuse, and respondents failed to meet their burden of establishing that reasonable efforts would be in the best interests of the children, would not be contrary to the children's health and safety, and would likely result in the reunification of respondents and the children in the foreseeable future (see Aliah J., 174 AD3d at 900; Matter of Sasha M., 43 AD3d 1401, 1402 [4th Dept 2007]).
We have considered the father's remaining contentions in appeal No. 3 and conclude that they are without merit.
With respect to appeal No. 4, we reject respondents' contentions that the court erred in terminating their parental rights instead of issuing a suspended judgment. Upon a finding pursuant to Social Services Law § 384-b (8) (a) that a child has been severely abused by his or her parent, "the court shall enter an order of disposition either (i) committing the guardianship and custody of the child, pursuant to this section, or (ii) suspending judgment . . . upon a further [*3]finding, based on clear and convincing, competent, material and relevant evidence introduced at a dispositional hearing, that the best interests of the child require such commitment or suspension of judgment" (§ 384-b [8] [f]). We agree with the court that it was in the best interests of the children to terminate respondents' parental rights and not to issue a suspended judgment (see Matter of Aliah M.J.-N. [Candice J.—Anna J.], 182 AD3d 557, 559-560 [2d Dept 2020]; Matter of Vivienne Bobbi-Hadiya S. [Makena Asanta Malika McK.], 126 AD3d 545, 547 [1st Dept 2015], lv denied 25 NY3d 909, 1064 [2015]; Matter of Alicia EE. [Adam FF.], 86 AD3d 663, 664 [3d Dept 2011], lv denied 17 NY3d 713 [2011]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court