# State of New York
# Court of Appeals

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 48  SSM 23
In the Matter of Irelynn S.

Onondaga County Department of
Children and Family Services,
        Respondent;
Maurice S.,
        Appellant.

Submitted by Philip Rothschild, for appellant.
Submitted by Yvette Velasco, for respondent.
Submitted by Susan B. Marris, attorney for the child.

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, without costs.  Appellant has failed to raise any arguments that warrant reversal of the Appellate Division order.  Before this Court, appellant does not dispute the Appellate Division's determination that his failure to appear constituted a default.
Chief Judge DiFiore and Judges Garcia, Singas, Cannataro and Troutman concur.
Judge Rivera dissents in an opinion, in which Judge Wilson concurs.

Decided March 17, 2022

RIVERA, J. (dissenting):

The only reviewable issue before us is whether the Appellate Division properly dismissed appellant father's appeal from a Family Court order terminating his parental rights on the ground that appellant defaulted. That decision was in error because appellant

- 1 -

appeared through counsel during the fact-finding and dispositional hearings, as acknowledged by Family Court, and in accordance with the Family Court Act and the CPLR (*see* Family Ct Act § 165; CPLR 3215 [a]).

* * *

Appellant father appeared with counsel at the initial Family Court appearance in this proceeding to terminate his parental rights on September 25, 2018. At that appearance, appellant entered a denial to the allegations in the termination petition, and counsel informed the court that appellant "wants his child." The court scheduled a fact-finding hearing for January. In the interim, appellant's counsel died, and appellant appeared with new counsel during a planning and continuing review hearing. At the joint fact-finding and dispositional hearings on January 10, 2019, appellant did not appear in person, but his counsel was present. The court asked counsel where appellant was; counsel advised the court that he had "anticipated" his client "being here this morning." Counsel noted that he knew that "[t]he [c]ourt [was] going to proceed," and "ask[ed] not to participate in the fact-finding portion of th[e] proceeding." The court went ahead with the proceeding. Later during the fact-finding hearing, the court explained that it was "draw[ing] the strongest negative inference possible from [appellant's] failure to personally appear," but "recognize[d] his counsel ha[d] been present and remained silent throughout [the] proceedings." At the close of the dispositional hearing, the court again drew the "strongest negative inference possible from [appellant's] personal failure to appear and to present any

evidence even on the consideration of the best interest of the child," and again "acknowledge[d] that [counsel] ha[d] remained present and remained silent."

As relevant to this appeal, Family Court utilized a form order (*see* NY Family Ct Form TPR-2, Findings of Fact, Conclusions of Law and Order of Disposition—Permanent Neglect [Aug. 2010], available at https://www.nycourts.gov/LegacyPDFS/FORMS/familycourt/pdfs/tpr-2.pdf [last visited Mar. 4, 2022]) in issuing its findings of fact and conclusions of law, including a checkbox format for the following prefatory findings: (1) appellant appeared at the September 25, 2018 hearing; (2) at that hearing appellant denied the allegations and the matter proceeded to a fact-finding hearing; and (3) appellant did not appear and counsel appeared on behalf of appellant at the January 10, 2019 hearing. After setting forth a narrative explanation for its findings, Family Court ordered the termination of appellant's parental rights.

On appeal, appellant maintained that, contrary to respondent Onondaga County Department of Children and Family Services' (DCFS) argument, appellant did not default because he appeared through counsel, Family Court never categorized his absence as a default, and the court proceeded to a fact-finding hearing rather than by inquest, further evincing that the court did not treat this as a decision on default. In support of his argument, appellant cited the CPLR and, among other cases, *Matter of Kwasi S.* (221 AD2d 1029, 1030 [4th Dept 1995]), which held that, "[w]here a party fails to appear for a hearing but is represented by counsel, the order is not one entered upon the default of the aggrieved party and appeal is not precluded (*see* CPLR 321 [a]; CPLR 5511; Family Ct Act § 1118)." The Appellate Division dismissed the appeal on the ground that appellant "failed to appear

at the dispositional hearing and his attorney, although present, elected not to participate in the father's absence," thus "constitut[ing] a default" (188 AD3d 1744, 1744 [4th Dept 2021], citing *Matter of Makia S. [Catherine S.]*, 134 AD3d 1445, 1445-1446 [4th Dept 2015], and *Matter of Shawn A. [Milisa C.B.]*, 85 AD3d 1598, 1598-1599 [4th Dept 2011] [citing CPLR 5511], *lv denied* 17 NY3d 713 [2011]).

We granted appellant leave to appeal (36 NY3d 1107 [2021]) and placed the appeal on the alternative review track under this Court's Rules (*see* Rules of Ct of Appeals [22 NYCRR] § 500.11). As permitted by those rules, appellant reserved his argument that, based on his counsel's appearance, he did not default and further argued the merits of his challenge to the termination of his parental rights; respondent DCFS and the Attorney for the Child argued in kind (*see id.* § 500.11 [f]). As a jurisdictional matter, a party is not aggrieved by, and thus may not appeal, an order entered on default (*see* CPLR 5511). Appellant is correct that under the circumstances of this case, he did not default, and therefore the Appellate Division should have considered the merits of his appeal.

The CPLR applies to this termination of parental rights proceeding (*see* Family Ct Act 165 [providing that the CPLR applies in Family Court proceedings unless some other procedure is prescribed by the Family Court Act]; Social Services Law § 371-a [providing that the procedural provisions of the Family Court Act "shall apply" in a proceeding, "to the extent that they do not conflict with the specific provisions of the social services law"]). Three provisions control the analysis of the appealability jurisdictional question. First, under CPLR 5511 "[a]n aggrieved party . . . may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party." Second, CPLR 3215 (a)

provides that a "default" occurs when a party "fail[s] to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed" (*see also* Hon. Mark C. Dillon, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3215:1; Black's Law Dictionary [11th ed 2019], default [defining default as when a party "fail(s) to appear"]). Third, with limited exceptions, in accordance with CPLR 321 (a), "[a] party . . . may prosecute or defend a civil action in person or by attorney." Given the clarity of the CPLR, it is unsurprising that the Family Court Act Practice Commentaries conclude that "unless the party is ordered by the court to appear, a failure to appear in person for any reason at a hearing cannot legally be deemed a default" (Merril Sobie, 2017 Supp Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 165).[1]

Here, appellant did not "fail to appear, plead or proceed to trial" (CPLR 3215 [a]). As permitted under CPLR 321 (a), appellant did not appear in person and instead appeared at the fact-finding hearing through counsel. Family Court acknowledged counsel's appearance and did not treat appellant as a party in default. Specifically, and as appellant argued before the Appellate Division, Family Court proceeded to a fact-finding hearing on

---

[1] Professor Sobie has argued that in article 10 proceedings and other contexts, Family Court has been "too quick to conclude that a respondent has defaulted," and has further noted that "the 'always bring your client' practice is practice is grossly inefficient. To cite two of several downsides, a party may miss a day's employment (or several days), and useless appearances breed frustrated and often angry parties" (Merril Sobie, 2013 Supp Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 1042). These are salient considerations. And it may be, as Professor Sobie observes, that while "CPLR Section 321 (and its common law antecedent) is presumably applicable in Family Court[,] . . . the court usually functions as though the rule doesn't exist" (*id.*). At least, here, Family Court did not find appellant in default.

the disputed termination petition, rather than by inquest—an alternative available only where the party fails to appear—and an option rejected by Family Court on the form order. DCFS also did not move for entry of a default judgment, as would have been required for the Court to proceed by inquest (*see* CPLR 3215 [b]; *Franklin Credit Mgt. Corp. v Wik*, 75 AD3d 1145, 1146 [4th Dept 2010] [holding trial court "erred in granting a default judgment inasmuch as plaintiff did not move for such relief"]; *cf. Deutsche Bank Natl. Trust Co. v Gavrielova*, 130 AD3d 674, 676 [2d Dept 2015] [holding that compliance with CPLR 3215 notice provision is a jurisdictional predicate for entry of default judgment]; *see generally* Siegel & Connors, NY Prac § 293 [6th ed 2018]).

The fact that counsel stayed silent during the proceedings—a tactical choice (*see People v Aiken*, 45 NY2d 394, 399-400 [1978])—does not support finding appellant in default. DCFS filed the termination petition and thus had the burden to establish, by clear and convincing evidence, its case for termination of appellant's parental rights under Social Services Law 384-b. DCFS had to clear three hurdles to meet its burden. It had to establish that it made "diligent efforts to encourage and strengthen the parental relationship," that appellant "permanently neglected the child as defined in [the] Social Services Law", and lastly, at the dispositional hearing, it had to persuade the court that termination of parental rights was in the "best interests of the child" (*Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429-430 [2012] [internal quotation marks omitted], quoting Social Services Law § 384-b [7] [a]; *see* Family Ct Act § 614 [1] [c]; *Matter of Nathaniel T.*, 67 NY2d 838, 844 [1986]; *Matter of Jamie M.*, 63 NY2d 388, 393 [1984]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 384-385 [1984]; *see also Santosky v*

*Kramer*, 455 US 745 [1982]; *Matter of Michael B.*, 58 NY2d 71 [1983]). Appellant had no obligation to present proof, but rather needed only to put DCFS to its burden. And that is what occurred here, where Family Court, having acknowledged that appellant's counsel was present and that appellant had denied the allegations, proceeded, as scheduled, with a fact-finding hearing and eventual disposition of DCFS' petition (*see e.g. Matter of Cassandra M.*, 260 AD2d 961, 963 [3d Dept 1999] [holding that, where a party has not defaulted, "the proper course (is) . . . to require petitioner to present its proof, especially where petitioner was ready to proceed (as we would expect on the day of a scheduled fact-finding hearing) and respondents' attorneys and the Law Guardian were present"]).[2]

Notably, at the hearing, counsel did not seek to be relieved as attorney for appellant, nor did counsel state that he was unable to diligently or competently represent appellant (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1 [a], 1.3 [a], 1.4 [a], 1.16 [b] [1]). For his part, appellant did not previously seek counsel's removal or indicate to the court significant dissatisfaction with counsel's performance, which would have placed in question counsel's representative status at the hearing. In point of fact, there is no dispute

---

[2] Family Court's negative inference from appellant's failure to appear is the same inference that may be drawn if appellant appeared but chose not to speak, and thus does not support a different interpretation of the record below (*see e.g. Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995] ["A trier of fact may draw the strongest inference that the opposing evidence permits against a witness who fails to testify in a civil proceeding"], citing *Matter of Commissioner of Social Servs. v Philip De G.* 59 NY2d 137, 141 [1983]; *Matter of Arianna F.F. [Robert E.F.]*, — AD3d —, —, 2022 NY Slip Op 00756, *2 ["(Parents) failed to testify, and the court properly drew the strongest possible negative inferences against them based on that failure"], citing *Matter of Noah C. [Greg C.]*, 192 AD3d 1676, 1678 [4th Dept 2021], *Matter of Jack S. [Leah S.]*, 176 AD3d 1643, 1644 [4th Dept 2019], and *Matter of Chelsey B. [Michael W.]*, 89 AD3d 1499, 1500 [4th Dept 2011], *lv denied* 18 NY3d 807 [2012]).

that Family Court recognized that counsel was authorized to speak—or, as here, to stay silent—on appellant's behalf.

Since appellant did not default, he is an aggrieved party under CPLR 5511 and the Family Court order is appealable. Thus, the Appellate Division's dismissal has no record support or legal basis in the CPLR. Contrary to the majority's cursory treatment of this appeal and its one sentence conclusion that appellant failed "to raise any arguments that warrant reversal," appellant's jurisdictional analysis is sound. And because this Court may not, in the first instance, address appellant's claims on the merits, the order of the Appellate Division should be reversed and the matter remitted to that Court. Appellant is entitled to have the Appellate Division review, under its plenary factual, legal, and discretionary powers, the merits of his challenge to the termination of his parental rights.