Matter of Laura E. v Matthew E. (2024 NY Slip Op 01849)

Matter of Laura E. v Matthew E.

2024 NY Slip Op 01849

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

CV-22-2002
[*1]In the Matter of Laura E., Appellant,
v
Matthew E., Respondent.

Calendar Date:February 23, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Mitchell S. Kessler, Cohoes, attorney for the child.
Trinidad M. Martin, Glens Falls, attorney for the child.
Alexandra G. Verrigni, Rexford, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Washington County (Adam D. Michelini, J.), entered September 22, 2022, which granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 6, for, among other things, permission to relocate with the subject children.
Laura E. (hereinafter the mother) and Matthew E. (hereinafter the father) are the parents of three children (born in 2007, 2009 and 2010). The underlying facts of this case are familiar to this Court (Matter of Matthew E. v Laura E., 192 AD3d 1341 [3d Dept 2021]). As relevant here, pursuant to a June 2018 order, the parties had joint legal custody with the father having primary physical custody. The order further directed that the mother would have therapeutic visitation as the parties could arrange and telephone contact with the children "at the father's sole discretion." On appeal, this Court modified the 2018 order by adjusting the mother's telephone contact with the children to "as the parties can arrange" (id. at 1343).
Shortly after this Court's decision, the mother filed two petitions; one seeking to enforce the modified 2018 order, and the second to modify visitation by increasing her time with the children. In response, the father filed a modification petition seeking to temporarily suspend the telephone contact between the children and the mother. The father then amended his petition, seeking permission to relocate with the children to New Jersey and to temporarily suspend the mother's telephone contact with one of the children until therapeutic visitation could begin. Following a fact-finding hearing and a Lincoln hearing with the oldest child, Family Court granted the father's amended petition, allowing him to relocate with the children to New Jersey and, among other relief, awarded him sole legal custody of the children. Family Court also continued the mother's therapeutic visitation and telephone communication with the children, as could be agreed between the parties, but temporarily suspended telephone contact with one of the children until the parties could mutually agree to resume same. The mother appeals.
We affirm. The sole argument of the mother on appeal is that she received ineffective assistance of counsel. In order to establish "an ineffective assistance of counsel claim, a party must demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies" (Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1010 [3d Dept 2018] [internal quotation marks and citations omitted]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, a [parent's] constitutional right to the effective assistance of counsel will have been met" (Matter of Ronan L. [Jeana K.], 195 AD3d 1072, 1077 [3d Dept 2021] [internal quotation marks and citations omitted]). Here, the record [*2]reflects that the mother's attorney raised appropriate objections, made the appropriate motion at the close of the father's proof and made cogent legal arguments during the hearing (see Matter of Farideh P. v Ahmed Q., 202 AD3d 1391, 1394 [3d Dept 2022], lv denied 38 NY3d 909 [2022], cert denied ___ US ___, 143 S Ct 606 [2023]). Although the mother contends that her attorney did not rigorously cross-examine the father or offer evidence in support of her petitions, she also contends — inconsistently — that the father made certain admissions during cross-examination that supported the mother's allegations (see Matter of Shay-Nah FF. [Theresa GG.], 106 AD3d 1398, 1402 [3d Dept 2013], lv denied 21 NY3d 863 [2013]).[FN1] To the further claim that the mother's attorney could have cross-examined the father on other subjects but did not, notably the telephone communications between the mother and the children, it cannot be said that this was not a tactical decision — particularly considering that, based on other evidence adduced at the hearing, such further testimony would not have benefitted the mother (see Matter of Bennett v Abbey, 141 AD3d 882, 884-885 [3d Dept 2016]). Even though the mother's attorney did not make a closing statement, when considering the evidence and the circumstances of this case, as well as the contentions of each attorney for the child,[FN2] we are satisfied that the mother received meaningful representation (see Matter of Madelyn V. [Lucas W.-Jared V.], 199 AD3d 1249, 1252-1253 [3d Dept 2021], lv denied 38 NY3d 901 [2022]; Matter of Ronan L. [Jeana K.], 195 AD3d at 1077; Matter of Audreanna VV. v Nancy WW., 158 AD3d at 1010-1011). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Garry, P.J., Aarons, Lynch and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Contrary to the mother's contentions, Family Court's decision and order constituted a disposition of her petitions inasmuch as the decretal paragraph contained specific orders disposing of the relief that she sought in each of her petitions. Moreover, the docket numbers for each of the mother's petitions were referenced on Family Court's decision and order.

Footnote 2: Each child was assigned a separate attorney. Although it is not dispositive, we acknowledge that each attorney for the child contends that the mother was afforded meaningful representation based on the circumstances.