Matter of Sheena PP. v Edward QQ. (2025 NY Slip Op 03117)

Matter of Sheena PP. v Edward QQ.

2025 NY Slip Op 03117

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-24-1273
[*1]In the Matter of Sheena PP., Respondent,
v
Edward QQ., Appellant.

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

Christopher Hammond, Cooperstown, for appellant.
Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for respondent.
Lisa K. Miller, McGraw, attorney for the children.

Fisher, J.
Appeal from an order of the Family Court of Broome County (Veronica Gorman, J.), entered July 1, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2010, 2013 and 2014). Pursuant to a February 2020 Family Court order, the parties shared joint legal custody of the children with an alternating weekly parenting schedule. Such order was twice modified by reducing the father's parenting time, with the latest order from December 2021 awarding joint legal custody with primary physical custody to the mother, certain unsupervised parenting time every other weekend to the father and prohibiting the father from having overnights with the children until he provided the court proof of his successful completion of individual counseling. Thereafter, the father ceased all direct communication with the mother and the children began to express a desire to not attend the father's scheduled parenting time. In January 2024, following repeated instances of the father failing to exchange the children on time and keeping the youngest child overnight for the weekend, the mother filed a modification petition seeking sole legal custody of the children and the termination of the father's parenting time, except as agreed to by the children. After a fact-finding hearing and Lincoln hearings with all three children, Family Court, among other things, granted sole legal custody to the mother and established a reduced parenting schedule for the father, which was to take place at a public location. The father appeals.
We affirm. Initially, the father does not challenge Family Court's finding that a change in circumstances existed, and, given the breakdown in communication between the parties and the father's admissions to violating multiple provisions of the order, we agree that such threshold question has been satisfied (see Matter of Angelica CC. v Ronald DD., 220 AD3d 1064, 1067 [3d Dept 2023], lv denied 40 NY3d 909 [2024]; Matter of John M. v Tashina N., 218 AD3d 935, 937 [3d Dept 2023]). Accordingly, our focus distills to whether Family Court's custody and parenting time determinations serve the best interests of the children. In making a best interests determination, "Family Court must consider, among other factors, the quality of the parents' respective home environments, the need for stability in the children's lives, each parent's willingness to promote a positive relationship between the children and the other parent and each parent's past performance, relative fitness and ability to provide for the children's intellectual and emotional development and overall well-being" (Matter of Steven OO. v Amber PP., 227 AD3d 1154, 1155-1156 [3d Dept 2024] [internal quotation marks and citations omitted]). In addition, "[a]lthough not determinative, the expressed wishes of the children [*2]are some indication of what is in their best interests, considering their age, maturity and potential to be influenced" (Matter of Angela H. v St. Lawrence County Dept. of Social Servs., 180 AD3d 1143, 1146 [3d Dept 2020] [internal quotation marks and citations omitted]). "Although joint legal custody is an aspirational goal in every custody matter, joint legal custody may not be feasible or appropriate in cases where the parents are unable to effectively and directly communicate with one another to care for the children's needs" (Matter of James EE. v Vanessa EE., 228 AD3d 1025, 1026 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]). Family Court's "ultimate assessment of the children's best interests is to be accorded great deference so long as it is supported by a sound and substantial basis in the record" (Matter of Brandon HH. v Megan GG., 214 AD3d 1036, 1038 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]).
At the fact-finding hearing, the mother testified that, although she has encouraged the older children to visit and communicate with the father, the older children have stopped attending parenting time and will only sometimes communicate with him. The mother also testified that the father deviated from the parenting time in the order by keeping the youngest child for the entire weekend starting in December 2023, rather than bringing her back to the mother as required by the order. She explained that she did not agree to the father keeping the youngest child overnight and reminded him that he was required to attend counseling before he could have any overnights, but she did not know if he completed it. According to the mother, when she tried to explain to the father that the older children were reluctant to visit with him, he began to call the police when they refused to come to the custody exchanges or would not otherwise come to his home. The mother further testified that the father stopped communicating with her through the parenting app, and that he would respond via text message or pass messages through the children, even though the mother asked him not to do so. She also testified that the father had made negative comments about her in front of the children, but not recently. For his part, the father admitted to violating the order by keeping the youngest child overnight and not returning her pursuant to the order. He also admitted to having previously said negative things about the mother in front of the children and that he no longer speaks with the mother. He further acknowledged that the older children also do not visit or speak to him, although he periodically attempts to communicate with them via text message. The father testified that he spoke with the youngest child's school counselors and learned that the child had started to regress in school around December 2023. Furthermore, he testified that he successfully completed a father/parenting class, but conceded that it was before [*3]the current order was issued.
Based on the foregoing and having reviewed the Lincoln hearings, we are satisfied that Family Court properly exercised its discretion in awarding sole legal custody to the mother and in modifying the father's parenting time. The testimonial evidence and Family Court's observations of the demeanor of the father during the hearing demonstrated that joint legal custody was untenable. It is also clear from the record that the father had developed a flippant disposition toward the court orders and the mother's reasonable requests, and had refused to comply with the terms of the order by keeping the youngest child over entire weekends since December 2023 — the same time period that corresponds with the beginning of the youngest child's regression at school. Although not determinative, the appellate attorney for the children raises several valid concerns over the father's deteriorating relationships with the mother and children and lack of regard for court orders, and supports the modified custody and parenting time schedule set out by Family Court. Therefore, according due deference to the credibility determinations and factual findings made by Family Court, we are satisfied that a sound and substantial basis in the record supports the award of sole legal custody to the mother and a reduced parenting time to the father (see Matter of Brenna EE. v Andrew DD., 214 AD3d 1039, 1041 [3d Dept 2023]; Matter of Sue-Je F. v Alan G., 166 AD3d 1360, 1364 [3d Dept 2018]; Matter of Jarren S. v Shaming T.,117 AD3d 1109, 1111 [3d Dept 2014]).
To the extent that the father contends Family Court's ruling precluding him from testifying to certain hearsay statements allegedly made by the children relating to domestic violence was error, the father failed to preserve his argument that such testimony should have been permitted under a particular hearsay exception (see Matter of Brandon HH. v Megan GG., 214 AD3d at 1037; Matter of William O. v John A., 151 AD3d 1203, 1205 [3d Dept 2017], lv denied 30 NY3d 902 [2017]). Nonetheless, given the lack of corroboration for these statements in the record, Family Court properly excluded this testimony (see Matter of Felix A. v Jennifer B., 209 AD3d 1131, 1132 [3d Dept 2022]; see also Matter of Sarah QQ. v Raymond PP., 210 AD3d 1321, 1323 [3d Dept 2022]). To this point, the father's contention that his trial counsel was ineffective for failing to challenge Family Court's ruling is without merit, as counsel cannot be faulted for failing to raise an argument that has little chance of success (see Matter of Carly W. v Mark V., 225 AD3d 984, 987 [3d Dept 2024]; Matter of Corey MM. [Cassandra LL.],177 AD3d 1119, 1121-1122 [3d Dept 2019]). Although the father contends that his trial counsel could have explored this issue during disclosure but failed to do so, "it is not the role of this Court to second-guess counsel's trial strategy or tactics, [and] a party seeking to prevail on an ineffective assistance of [*4]counsel claim must do something more than engage in hindsight speculation as to the viability of counsel's strategy" (Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1010-1011 [3d Dept 2018] [internal quotation marks and citations omitted]). When considering the fact-finding hearing and specifically the testimony by the father that such allegations related to the mother's former boyfriend, who was not otherwise referenced in the record before us as the mother had been in a new relationship by the time of the hearing, and further considering that the father had no personal knowledge of any incidents and had not taken any actions once he had learned of the alleged incidents, we conclude that the father "has failed to demonstrate the absence of strategic or other legitimate explanation for counsel's alleged shortcomings" (Matter of Makayla I. [Sheena K.], 201 AD3d 1145, 1150 n 2 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 903 [2022]; see Matter of Carly W. v Mark V., 225 AD3d at 987-988; Matter of Ronan L. [Jeana K.], 195 AD3d 1072, 1077 [3d Dept 2021]). Based on our review of the balance of the record, we are satisfied that the father received the effective assistance of counsel (see Matter of Putnam v Jenney,168 AD3d 1155, 1158 [3d Dept 2019]; Matter of Audreanna VV. v Nancy WW., 158 AD3d at 1010-1011). The father's remaining contentions have been examined and found to be without merit or rendered academic.
Garry, P.J., Clark, Lynch and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.