In the Matter of DONNA HUGHES, Respondent, v RICHARD SIVERTSEN, Appellant. [712 NYS2d 613] —In a proceeding to modify a visitation order, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), entered April 27, 1999, which, *inter alia,* after a hearing, limited his visitation with the parties' son to two supervised visits per month.

Ordered that the order is affirmed, with costs.

Issues of the credibility of witnesses are properly determined by the hearing court, and will not be disturbed on appeal if supported by a fair interpretation of the evidence (*see, Matter of Greenberg v Greenberg,* 226 AD2d 463; *Matter of Pabon v Martinez,* 241 AD2d 550; *Eschbach v Eschbach,* 56 NY2d 167; *Santoro v Santoro,* 224 AD2d 510, 511; *Klat v Klat,* 176 AD2d 922). The record supports the determination of the Family Court that the father and his friends conspired to arrange for the parties' 11-year-old son to leave the mother's home in New York and go to a location near the father in New Jersey, some 100 miles away.

The father's contention that reversal is required because of the admission into evidence of a hearsay report by a police officer who interviewed the parties' son upon the son's return from New Jersey is without merit. The Family Court did not rely on that report in reaching its determination, which was amply supported by the credible evidence adduced at the hearing, as well as by the in camera interview with the son (*see, e.g., Matter of Liza C. v Noel C.,* 207 AD2d 974; *see also, Matter of Jelenic v Jelenic,* 262 AD2d 676; *Matter of Rush v Rush,* 201 AD2d 836; *Matter of Karen PP. V Clyde QQ.,* 197 AD2d 753).

In view of the exceptional circumstances created by the father inciting the son to run away from the mother's home, and his attempts to alienate the son from the mother, the Fam-

ily Court providently exercised its discretion in restricting the father's visitation with the son to two supervised visits per month (see, e.g., Matter of Belden v Keyser, 206 AD2d 610; Kozak v Kozak, 111 AD2d 842, 843).

Where, as here, the parties have agreed that the issue of the award of an attorney's fee is to be determined on papers, no hearing was necessary (see, Matter of Dowd v White, 155 AD2d 459; Kerlinger v Kerlinger, 121 AD2d 691). Florio, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.