# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**523**
**CAF 13-01536**
PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF CHARLES L. HIGGINS,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

JESSE M. HIGGINS, RESPONDENT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT.

CHARLES L. HIGGINS, PETITIONER-RESPONDENT PRO SE.

PETER M. CASEY, ATTORNEY FOR THE CHILDREN, BATAVIA.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered August 15, 2013 in a proceeding pursuant to Family Court Act article 6.  The order, inter alia, awarded petitioner primary physical placement of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order that, insofar as appealed from, awarded petitioner father primary physical placement of the subject children.  The mother contends that Family Court erred in determining that there was the requisite showing of a change in circumstances to warrant modification of the existing custody arrangement.  We reject that contention.  " 'It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]' " (*Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225).  Here, the father established the requisite change in circumstances by showing that the mother's residence "had become a 'harried and chaotic environment' that did not provide the subject children with the focused attention and structure they needed" (*Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729, 730).  Contrary to the mother's further contention, we conclude that there is a sound and substantial basis in the record to support the court's determination that it was in the children's best interests to award primary physical placement to the father (*see Matter of Marino v Marino*, 90 AD3d 1694, 1695-1696; *see also Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1582, *lv denied* 20 NY3d 855).  Considering that "a court's determination regarding custody . . . issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled

to great weight" (*Marino*, 90 AD3d at 1695 [internal quotation marks omitted]), we perceive no basis upon which to set aside the court's award of primary physical placement of the children to the father.

Finally, we reject the mother's contention that she was deprived of a fair hearing because the court improperly admitted hearsay statements in evidence.  Any error is harmless inasmuch as the court placed minimal, if any, reliance on those hearsay statements, and the evidence is otherwise sufficient to support the court's determination (*see Matter of Tracy v Tracy*, 309 AD2d 1252, 1253; *Matter of Jelenic v Jelenic*, 262 AD2d 676, 678; *Matter of Liza C. v Noel C.*, 207 AD2d 974, 974).

Entered:  May 1, 2015
Frances E. Cafarell
Clerk of the Court