Matter of Joseph v Joseph (2020 NY Slip Op 01166)





Matter of Joseph v Joseph


2020 NY Slip Op 01166


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-02576
 (Docket No. O-1821-16)

[*1]In the Matter of Karlene Alana Joseph, appellant,
v
Karl Joseph, respondent.


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated February 8, 2019. The order, after a fact-finding hearing, denied the family offense petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Grouzis v Grouzis, 176 AD3d 936, 936-937; Matter of Estime v Civil, 168 AD3d 936, 937; Matter of McGregor v Ferguson, 167 AD3d 897, 897; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Grouzis v Grouzis, 176 AD3d at 937; Matter of Estime v Civil, 168 AD3d at 937; Matter of McGregor v Ferguson, 167 AD3d at 897; Matter of Marte v Biondo, 104 AD3d 947, 947-948). Where, as here, "a hearing court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony' of one party over that of the other, its determination [should] not be disturbed" unless clearly unsupported by the record (Matter of Henderson v Henderson, 137 AD3d 911, 912, quoting Matter of Musheyev v Musheyev, 126 AD3d 800, 801; see Matter of Grouzis v Grouzis, 176 AD3d at 937; Matter of Diaz v Rodriguez, 164 AD3d 1340; Matter of Davis v Felder, 140 AD3d 752, 753; Matter of Saldivar v Cabrera, 109 AD3d 831, 832).
Here, the petitioner filed a family offense petition alleging, inter alia, that the respondent, the petitioner's brother, had committed the family offenses of disorderly conduct and harassment in the second degree. The Family Court's determination that the petitioner failed to establish, by a preponderance of the evidence, that the respondent committed the family offenses of disorderly conduct and harassment in the second degree hinged on issues of credibility and is supported by the record (see Matter of Diaz v Rodriguez, 164 AD3d 1340; Matter of Giresi-Palazzolo v Palazzolo, 127 AD3d 752; Matter of Tulshi v Tulshi, 118 AD3d 716, 717).
Furthermore, under the circumstances of this case, the Family Court did not improvidently exercise its discretion in denying the petitioner's request to adjourn the fact-finding hearing to allow her son to testify as a rebuttal witness (see Matter of Anthony M., 63 NY2d 270, [*2]283).
Accordingly, we find no basis to disturb the Family Court's determination denying the petition and dismissing the proceeding.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court