Matter of Cassidy S. v Bryan T. (2020 NY Slip Op 01217)





Matter of Cassidy S. v Bryan T.


2020 NY Slip Op 01217


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527155

[*1]In the Matter of Cassidy S., Petitioner,
v
Bryan T., Appellant. (And Two Other Related Proceedings.)

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Lisa A. Natoli, Norwich, for appellant.
S. Francis Williams, Cortland, attorney for the child.



Egan Jr., J.
Appeals from a decision and an order of the Family Court of Cortland County (Campbell, J.), entered April 19, 2018 and June 19, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2013). In February 2017, an order of custody and visitation, on consent, was entered providing, among other things, that the mother and the father would share joint legal custody of the child with the mother having primary physical placement of the child. In June 2017, based upon allegations that respondent Savannah U., the father's fiancÉe (hereinafter the fiancÉe), had slapped the child across the face, the mother commenced this modification proceeding, by order to show cause, seeking, among other things, an order of protection against the fiancÉe, as well as an order providing that the fiancÉe not be permitted in the father's household during scheduled visitation with the child. The mother simultaneously filed a family offense petition against the fiancÉe, alleging that she had assaulted the child. Family Court signed the mother's order to show cause, directing the father not to allow the fiancÉe to have any contact with the child during his scheduled visitation and issued a temporary order of protection against the fiancÉe. The father thereafter filed an enforcement petition, alleging that the mother had prevented him from seeing the child for scheduled visitation.
Following a fact-finding hearing on all three petitions, Family Court issued an April 2018 decision (1) granting the mother's family offense petition, finding that the fiancÉe had committed acts constituting assault in the second or third degree and reckless endangerment of the child, (2) dismissing the father's petition with prejudice as he failed to submit evidence in support thereof, and (3) granting the mother's modification petition, decreasing the father's parenting time. The father appeals from both the April 2018 decision and the ensuing June 2018 order.[FN1]
The father initially contends that the child's out-of-court statements regarding having been struck in the face by the fiancÉe constitute impermissible hearsay and were not sufficiently corroborated. We disagree. "Where, as here, a child's out-of-court statements relate to abuse or neglect, such statements are admissible in a Family Ct Act article 6 proceeding so long as they are sufficiently corroborated" (Matter of Cory O. v Katie P., 162 AD3d 1136, 1136-1137 [2018] [citations omitted]; see Matter of Kristie GG. v Sean GG., 168 AD3d 25, 28 [2018]). "A relatively low degree of corroboration is sufficient, and the requirement may be satisfied by any other evidence tending to support the reliability of the child's statements" (Matter of Lori DD. v Shawn EE., 100 AD3d 1305, 1306 [2012] [internal quotation marks, brackets and citations omitted]; see Family Ct Act § 1046 [a] [vi]; Matter of Cory O. v Katie P., 162 AD3d at 1137). Importantly, "the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record" (Matter of Lawson O. [Andrew O.], 176 AD3d 1320, 1321 [2019] [internal quotation marks and citations omitted]; see Matter of Hamilton v Anderson, 143 AD3d 1086, 1088 [2016]; Heather B. v Daniel B., 125 AD3d 1157, 1158 [2015]).
The evidence at the fact-finding hearing established that, after picking the child up at the father's residence, both the mother and the mother's boyfriend observed that she had a large black and blue mark on the left side of her face, with the mother's boyfriend testifying that he thought the mark looked like a handprint. Upon inquiry, the child stated that "[the fiancÉe] hit me in the tubby." Following the child's disclosure, the mother brought the child to the sheriff's department, had her checked out at the hospital and contacted child protective services. Each time, upon questioning, the child provided consistent accounts indicating that it was the fiancÉe who had struck her in the face.[FN2] Although the child's repetition of the accusation, standing alone, is not sufficient to corroborate her out-of-court statements (see Matter of Nicole V., 71 NY2d 112, 124 [1987]; Matter of Leighann W. v Thomas X., 141 AD3d 876, 878 [2016]; Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [2008], lv denied 12 NY3d 706 [2009]), the evidence also demonstrated that the child was in the sole care of the fiancÉe at the time the injury occurred.[FN3] Accordingly, based on the foregoing, we find no abuse of Family Court's discretion in determining that the child's statements were sufficiently corroborated (see Matter of Suzanne QQ. v Ben RR., 161 AD3d 1223, 1224-1225 [2018]; Matter of Hamilton v Anderson, 143 AD3d at 1088; Matter of Bartlett v Jackson, 47 AD3d 1076, 1078 [2008], lv denied 10 NY3d 707 [2008]).
Family Court also appropriately determined that, given the child's corroborated allegations against the fiancÉe, and the fact that the father and the fiancÉe reside together, are engaged to be married and intend to continue residing together following their marriage, a change in circumstances occurred since entry of the prior order warranting inquiry into the best interests of the child (see Matter of Andrew S. v Robin T., 145 AD3d 1209, 1211-1212 [2016]; Matter of Mary BB. v George CC., 141 AD3d 759, 761 [2016]; Matter of Mark RR. v Billie RR., 95 AD3d 1602, 1602-1603 [2012]). Turning to the best interests analysis, Family Court appropriately determined that it was in the child's best interests to modify the parties' visitation schedule. As relevant here, the child was expected to start school in the fall of 2018, and the father acknowledged that his work schedule could not accommodate picking up and dropping off the child from school during his overnight weekday visits. Further, in light of Family Court's issuance of an order of protection preventing the fiancÉe from having any contact with the child, the father could no longer rely on the fiancÉe to provide transportation to and from school or to provide supervision for the child while he is at work. The mother, meanwhile, continues to have concerns regarding the child's safety given the father's acknowledgement that he does not believe the fiancÉe struck the child and/or poses a danger to the child. Under the circumstances, therefore, Family Court properly weighed these competing concerns and properly fashioned a parenting schedule that provides consistency and stability in the child's school schedule, protects the child from further harm and appropriately limits the father's visitation to those periods of time where he is not working, while continuing to provide him with meaningful access to the child outside of the fiancÉe's presence. Accordingly, we find no reason to disturb the parenting schedule fashioned by Family Court, as it is supported by a sound and substantial basis in the record (see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286-1287 [2019]).
Garry, P.J., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Initially, the father's appeal from Family Court's April 2018 decision must be dismissed as decisions are not appealable (see CPLR 5512 [a]; Family Ct Act § 1112; Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1291 n [2019]). Additionally, the fiancÉe did not file a notice of appeal from the June 2018 order and, as such, she is precluded from seeking affirmative relief, and her brief has not been considered on the instant appeal (see CPLR 5512; Matter of Hoppe v Hoppe, 165 AD3d 1422, 1426 n [2018], lv denied 32 NY3d 912 [2019]). The mother did not file a brief in this matter.

Footnote 2: A friend of the mother, who accompanied her and the child to the hospital, also observed the mark on the child's face and overheard the child state that it was the fiancÉe who had hit her.

Footnote 3: Although both the father and the fiancÉe testified that they thought the child may have been injured the prior afternoon as a result of wearing a helmet that was too large for her while riding a four-wheeler with the father, the father acknowledged that he did not observe any marks or bruises on the child's face when he removed the child's helmet that afternoon or later that evening during dinner or when putting her to bed. The following morning, the father left for work before the child was awake — leaving her in the care and custody of the fiancÉe — and first observed the mark on her face when he returned from work.