Matter of Straight v Grant (2020 NY Slip Op 03234)





Matter of Straight v Grant


2020 NY Slip Op 03234


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-11232
 (Docket No. O-14257-17)

[*1]In the Matter of Tasha Straight, appellant,
v
John H. Grant, respondent.


Lauri Gennusa, Jamaica, NY, for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated September 10, 2019. The order, after a fact-finding hearing, in effect, denied the family offense petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In May 2017, the petitioner commenced this family offense proceeding, alleging, inter alia, that the respondent committed the family offenses of disorderly conduct, harassment in the second degree, assault in the second or third degree, and menacing in the second degree. After a fact-finding hearing, the Family Court determined that the petitioner failed to establish by a preponderance of the evidence that the respondent committed a family offense against the petitioner and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Mohammed v Mohammed, 174 AD3d 615, 615). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of McGregor v Ferguson, 167 AD3d 897). Where, as here, "the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Mohammed v Mohammed, 174 AD3d at 615-616).
Here, the Family Court's determination was based upon its credibility assessments and is supported by the record (see id. at 616; Matter of Tulshi v Tulshi, 118 AD3d 716, 717). Accordingly, there is no basis to disturb the court's determination that the petitioner failed to prove by a preponderance of the evidence that the respondent committed the family offenses at issue.
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court