Matter of Stallings v Stallings (2020 NY Slip Op 06533)





Matter of Stallings v Stallings


2020 NY Slip Op 06533


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-04927
 (Docket No. O-8-19)

[*1]In the Matter of Belinda Stallings, appellant,
v
Michelle Stallings, respondent.


Paul N. Weber, Cornwall, NY, for appellant.
Kelli M. O'Brien, Goshen, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated April 29, 2019. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the petition which alleged that the respondent committed the family offense of harassment in the second degree and dismissed the proceeding with prejudice.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging, inter alia, that the respondent, the petitioner's sister, had committed the family offense of harassment in the second degree against her. After a hearing, the Family Court determined, among other things, that the petitioner failed to establish by a preponderance of the evidence that the respondent committed the family offense of harassment in the second degree and, in effect, denied that branch of the petition and dismissed the proceeding with prejudice. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing the family offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Straight v Grant, 184 AD3d 647, 648). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of Henderson v Henderson, 137 AD3d 911, 912). Here, contrary to the petitioner's contention, the Family Court's determination that she failed to establish, by a fair preponderance of the evidence, that the respondent committed the family offense of harassment in the second degree hinged on issues of credibility and is supported by the record (see Matter of Rani v Ahmad, 185 AD3d 593, 594; Matter of Joseph v Joseph, 180 AD3d 908, 909; Matter of McGregor v Ferguson, 167 AD3d 897).
Accordingly, we find no basis to disturb the Family Court's determination, in effect, denying that branch of the petition which alleged that the respondent committed the family offense of harassment in the second degree and dismissing the proceeding with prejudice.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court