Matter of Sarah QQ. v Raymond PP. (2022 NY Slip Op 06659)

Matter of Sarah QQ. v Raymond PP.

2022 NY Slip Op 06659

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

532864
[*1]In the Matter of Sarah QQ., Respondent,
v
Raymond PP., Appellant. (And Three Other Related Proceedings.)

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Raysheea T. Turner, Schenectady, for respondent.
Kimberly A. Craig, Ballston Spa, attorney for the child.

Pritzker, J.
Appeal from an order of the Family Court of Saratoga County (Jennifer A. Jensen, J.), entered December 31, 2020, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2010). Pursuant to a 2016 custody order, the parties shared joint legal custody of the child with the mother having primary physical custody. In January 2019, the father filed a petition for modification of the 2016 custody order seeking, among other things, sole custody of the child. Shortly thereafter, the mother filed a modification petition seeking sole legal custody. The parties then filed competing petitions to enforce the 2016 order. The father alleged, among other things, that the mother grabbed the child and injured him, resulting in an emergency room visit and a call to Child Protective Services (hereinafter CPS). The mother alleged that the father would not return the child to her until the police were called. Thereafter, the father withdrew his previously filed modification petition and filed a new one seeking joint legal custody and primary physical custody based upon allegations of abuse and neglect of the child by the mother. After a seven-day fact-finding hearing and a Lincoln hearing, Family Court dismissed the father's petitions and granted the mother's petitions, awarding her sole legal and primary physical custody of the child and assessing the father a fine of $100. The father appeals.
The father contends that Family Court improperly excluded CPS records regarding indicated findings against the mother concerning her abuse and/or neglect of another child, which included statements by the subject child. Although hearsay is generally not permitted, "[t]his Court has carved out an exception to the hearsay rule in custody cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family Ct Act § 1046 (a) (vi)" (Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 987 [3d Dept 2003]; see Matter of Cassidy S. v Bryan T., 180 AD3d 1171, 1173 [3d Dept 2020]). Such testimony requires corroboration, though "[a] relatively low degree of corroboration is sufficient, and the requirement may be satisfied by any other evidence tending to support the reliability of the child's statements" (Matter of Cassidy S. v Bryan T., 180 AD3d at 1173 [internal quotation marks and citations omitted]; see Matter of Hamilton v Anderson, 143 AD3d 1086, 1087-1088 [3d Dept 2016]).
At the fact-finding hearing, Family Court permitted the father to testify as to receiving notifications from CPS that the mother "has been indicated in some cases regarding her other children." The mother then objected, stating that this was "irrelevant and immaterial" because it did not involve the subject child [*2]and was hearsay. The court overruled the objection on the basis that the other children resided in the same home as the subject child. Later during the fact-finding hearing, the father sought to admit certified records of Saratoga County Department of Social Services "pertaining to the parties and/or the child relative to these proceedings." The mother objected on the basis of hearsay. The father contended that these records were admissible as business records or alternatively, under an exception based on indicated abuse and neglect findings. The attorney for the child also argued that the records fell within "the hearsay exception for them to be admitted." Despite multiple attempts, ultimately, Family Court did not allow the records into evidence on the basis of hearsay, remarking that "we aren't here on a neglect proceeding. We're here on a custody proceeding. . . . [N]o hearsay is permitted unless there's an exception otherwise. And . . . the fact that it may deal with abuse or neglect is not an exception to the hearsay rule."
The agency records that the father sought to admit are not in the record and, thus, not before this Court. A review of the father's modification petition reveals that he noted CPS's involvement with the mother and cited to such as establishing a change in circumstances. Specifically, he alleged there had been "ongoing child protective involvement in the [mother's] home[,]" that the subject child has indicated there is domestic abuse taking place in the home and that the child has reported that he is being neglected by the mother. The petition states that "it was revealed through the CPS open investigation that the child is reporting that there is no food at the [mother's] home and that he goes without meals." Based on the foregoing, Family Court erred in refusing to allow the CPS records into evidence based upon the rationale that no hearsay exception existed for abuse and neglect allegations in a Family Ct Act article 6 proceeding. In this respect, although this is not a Family Ct Act article 10 proceeding, the law is well established that hearsay evidence as to allegations of abuse or neglect can be admitted into evidence during a custody proceeding if corroborated by other evidence (see Matter of Hamilton v Anderson, 143 AD3d at 1087-1088; Matter of Rosario WW. v Ellen WW., 309 AD2d at 987; Matter of Baxter v Perico, 288 AD2d 717, 717 [3d Dept 2001]). As such, this case must be reversed and remitted to Family Court for the admission of such evidence at a new fact-finding hearing on the parties' modification petitions.[FN1] In light of this determination, the father's remaining contentions have been rendered academic.
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's modification petition and dismissed respondent's modification petition; matter remitted for further proceedings not inconsistent with [*3]this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: We note that the CPS records may be subject to redaction as the entirety of the records may not fall within this hearsay exception.