Matter of Jones v Jones (2022 NY Slip Op 06702)

Matter of Jones v Jones

2022 NY Slip Op 06702

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00160
 (Docket No. O-1777-21)

[*1]In the Matter of Marissa M. Jones, appellant,
v
Kenneth J. Jones, respondent.

Jan Murphy, Huntington, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Philippe Solages, Jr., J.), dated December 6, 2021. The order, insofar as appealed from, after a hearing, denied those branches of the petition which alleged that the respondent committed the family offenses of harassment in the second degree and reckless endangerment in the second degree and dismissed those portions of the proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8, alleging, inter alia, that the respondent, the petitioner's father, had committed the family offenses of harassment in the second degree and reckless endangerment in the second degree against her. After a hearing, the Family Court, among other things, determined that the petitioner failed to establish by a preponderance of the evidence that the respondent committed the family offenses of harassment in the second degree and reckless endangerment in the second degree, denied those branches of the petition, and dismissed those portions of the proceeding. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Joseph v Joseph, 180 AD3d 908, 908; Matter of Estime v Civil, 168 AD3d 936, 937). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Joseph v Joseph, 180 AD3d at 908; Matter of Estime v Civil, 168 AD3d at 937). "Where, as here, 'the court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination [should] not be disturbed unless clearly unsupported by the record'" (Matter of Straight v Grant, 184 AD3d 647, 648, quoting Matter of Mohammed v Mohammed, 174 AD3d 615, 615-616; see Matter of Joseph v Joseph, 180 AD3d at 908).
Here, the Family Court's determination that the petitioner failed to establish, by a preponderance of the evidence, that the respondent committed the family offenses of harassment in the second degree and reckless endangerment in the second degree hinged on issues of credibility and is supported by the record (see Matter of Joseph v Joseph, 180 AD3d at 909; Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340; Matter of Giresi-Palazzolo v Palazzolo, 127 AD3d 752, 752).
The petitioner's contention that reversal is required because of the admission into evidence of a hearsay statement by the respondent is without merit. The Family Court did not explicitly rely on that statement in reaching its determination, which was amply supported by the credible testimony adduced at the hearing (see Matter of Higgins v Higgins, 128 AD3d 1396, 1397; Hughes v Sivertsen, 275 AD2d 414, 414; Matter of Jelenic v Jelenic, 262 AD2d 676, 678).
Accordingly, we find no basis to disturb the Family Court's determination denying those branches of the petition which alleged that the respondent committed the family offenses of harassment in the second degree and reckless endangerment in the second degree and dismissing those portions of the proceeding.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court