Matter of Clifford v Daly (2025 NY Slip Op 00960)

Matter of Clifford v Daly

2025 NY Slip Op 00960

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2024-04647
 (Docket Nos. V-486-23, V-618-23)

[*1]In the Matter of Stephanie Clifford, respondent,
v
Allen-Michael Daly, appellant. (Proceeding No. 1)
In the Matter of Allen-Michael Daly, appellant,
v
Stephanie Clifford, respondent. (Proceeding No. 2)

Samuel S. Coe, White Plains, NY, for appellant.
Bonnie C. Brennan, New Windsor, NY, for respondent.
Jessica Bacal, Mount Kisco, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated May 3, 2024. The order granted the mother's petition for sole legal and physical custody of the parties' child, directed that the father have supervised parental access with the child, and, in effect, dismissed the father's cross-petition for custody of the child and parental access.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a daughter, born in 2021. In January 2023, the mother filed a petition for sole legal and physical custody of the child. Subsequently, the father filed a cross-petition for custody of the child and parental access. Over the next 13 months, the Family Court repeatedly directed the father, among other things, to submit to a mental health assessment, but the father failed to comply. On March 19, 2024, on the record, the court dismissed the father's cross-petition, without a hearing, stating, inter alia, that the father "did not go to the mental health" assessment and, "therefore, all his petitions [were] dismissed." Thereafter, after a hearing on the mother's petition, the court, among other things, granted the petition and awarded her sole legal and physical custody of the child, with supervised parental access to the father. The father appeals.
Inasmuch as the father argues that reversal is required because of an evidentiary ruling made by the Family Court, his contention is without merit. The court did not rely on the challenged documents in reaching its determination, which was amply supported by the credible evidence adduced at the hearing (see Matter of Jones v Jones, 210 AD3d 983, 984; Matter of Hughes v Sivertsen, 275 AD2d 414, 414). Moreover, the father's contention that a hearing was necessary to establish his noncompliance with court directives is unpreserved for appellate review, as it was not [*2]raised before the court (see Matter of Bagot v McClain, 148 AD3d 882, 883) and, in any event, is without merit. Under the circumstances of this case, the court providently exercised its discretion by, in effect, dismissing the father's cross-petition for custody of the child and parental access when he failed to cooperate with court directives. Custody and parental access determinations should "[g]enerally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]). "While the general right to a hearing in custody and visitation cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564). Here, however, the court did not purport to determine contested factual issues material to the best interests analysis or make a final determination on the merits of the father's cross-petition for custody and parental access (cf. Matter of Fernandez v Saunders, 174 AD3d 531, 532). Rather, the father's noncompliance with court directives prevented the matter from proceeding to a best interests hearing (see Matter of Cardona v McNeill, 199 AD3d 1002, 1002).
Viewing the record as a whole, the father was not deprived of the effective assistance of counsel, as his counsel provided meaningful representation (see Sloan v Sloan, 224 AD3d 712, 714; Matter of Thomas v Thomas, 221 AD3d 609, 610).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court