Matter of Witt v Naprawa (2025 NY Slip Op 02593)

Matter of Witt v Naprawa

2025 NY Slip Op 02593

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-04333
2024-04334
 (Docket No. O-9020-23)

[*1]In the Matter of David Peter Witt, appellant,
v
Barbara Naprawa, respondent.

Heath J. Goldstein, Jamaica, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals (1) from an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated May 2, 2024, and (2) an order of dismissal of the same court also dated May 2, 2024. The order of fact-finding and disposition, after a hearing, in effect, denied the petition and dismissed the proceeding. The order of dismissal dismissed the proceeding with prejudice.
ORDERED that the order of fact-finding and disposition and the order of dismissal are affirmed, without costs or disbursements.
The petitioner and the respondent were married in March 2022. On June 23, 2023, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against the respondent, alleging that the respondent committed, inter alia, acts constituting the family offenses of harassment in the second degree and assault in the third degree and seeking an order of protection in his favor. After a hearing, the Family Court determined that the petitioner failed to establish by a preponderance of the evidence that the respondent had committed any of the family offenses alleged in the petition. In an order of fact-finding and disposition dated May 2, 2024, the court, in effect, denied the petition and dismissed the proceeding. In an order of dismissal also dated May 2, 2024, the court dismissed the proceeding with prejudice. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Wiley v Wiley, 231 AD3d 841, 842 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Lederman v Lederman, 208 AD3d 483, 484). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Wiley v Wiley, 231 AD3d at 842 [internal quotation marks omitted]; see Matter of Lederman v Lederman, 208 AD3d at 484). "Where, as here, the [hearing] court was presented with sharply conflicting accounts by the parties regarding the subject events, and chose to credit the testimony of one party over that of the other, its determination will not be disturbed unless clearly unsupported by the record" (Matter of Townes v Diggs, 216 AD3d 1104, 1105 [internal quotation marks omitted]; see Matter of Mohammed v Mohammed, 174 AD3d 615).
Here, the Family Court's determination that the petitioner failed to establish by a preponderance of the evidence that the respondent committed a family offense hinged on issues of [*2]credibility and is supported by the record (see Matter of Jones v Jones, 210 AD3d 983, 984; Matter of Mansour v Mahgoub, 202 AD3d 961, 962).
Accordingly, we find no basis to disturb the Family Court's determination, in effect, denying the petition and dismissing the proceeding with prejudice.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court