Matter of Sarah RR. v Max GG. (2026 NY Slip Op 50333(U))

[*1]

Matter of Sarah RR. v Max GG.

2026 NY Slip Op 50333(U)

Decided on March 12, 2026

Family Court, Sullivan County

Ricciani, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2026
Family Court, Sullivan County

In the Matter of the FCA Article 6 Proceeding of: Sarah RR., Petitioner,

againstMax GG., Respondent.

Docket No. V-01253-25

Constantina Hart., Esq., for the Petitioner, Sarah RR.
Andrea Dumais, Esq., for the Respondent, Max GG.
Patti Leibowitz, Esq., Attorney for the Child
Kristin Hacket, Esq., for the Commissioner of Social Services, Notice Respondent

Jacqueline Ricciani, J.

Procedural History and BackgroundThe parties (hereinafter the "mother" and "father" respectively) are the parents of a minor child who is the subject of the above-captioned initial custody proceeding. On February 5, 2026, the mother made a motion on notice to the father and the Sullivan County Department of Social Services (DSS) seeking court ordered production of indicated Child Protective Services (CPS) records in accordance with SSL § 422(4)(A)(e). The father and the attorney for the child did not oppose the motion.
On February 11, 2026, DSS filed responsive papers.[FN1]
There was no objection to court ordered production of indicated CPS records concerning the child and parties, provided that such records would be reviewed in camera and not "disclosed or reproduced to the parties or counsel." DSS opposed inspection of the records by the parties. On February 13, 2025, the Court endorsed the proposed order and subpoena, which only permitted inspection and review of the records "subject to further orders of the Court," following in camera review. DSS also objects to a subpoena ad testificandum, which was not filed with the Court, directing the testimony of an unnamed CPS caseworker now identified as CPS Senior Caseworker Catalina Peruchet. The Court has concluded its review of the records produced pursuant to subpoena, and the matter is now fully submitted for determination.
Discussion and Analysis
As a preliminary matter, the Court reiterates its findings in accordance with SSL § 422(4)(A)(e), that, based upon the pleadings, moving papers, court-ordered SSL § 1034 report, and now, review of the records in question, portions of the record are material, relevant, and necessary to the Court's determination of the past performance and relative fitness of the parties (e.g. Britney A. v. Jonathan A., 238 AD3d 1447, 1448 [3d Dept., 2025]). The Court further finds that the testimony of CPS Senior Caseworker Catalina Peruchet is relevant, material, and necessary to the Court's determination to fill gaps in the record, resolve ambiguities, and place the materials in their proper context. As the individual who created the record in the regular course of her investigation, and a disinterested party, Ms. Peruchet is the only witness who can reasonably be expected to provide the foregoing information.
The responsive papers of DSS assert that once the aforesaid records are produced, the Court cannot provide for inspection by the attorneys for the parties or admit the records into evidence in a proceeding. Child protective records and the testimony of CPS caseworkers in custody proceedings, however, are often highly probative of issues of parental fitness, and there is a well-developed body of case law concerning the use of such evidence (e.g. Matter of Sarah QQ v. Raymond PP., 210 AD3d 1321 [3d Dept., 2022], e.g. Matter of David JJ. v. Tara KK., 240 AD3d 984, [3d Dept., 2025]). Furthermore, the Social Services Law does not contain any prohibition on admitting evidence of indicated reports in a court proceeding, but does specifically render unfounded reports inadmissible, with two narrow exceptions (see SSL § 422[5][b]).[FN2]

Concerning inspection, due to the sensitive and varied nature of the materials that can be accumulated in the course of a CPS investigation, it has always been this Court's practice to conduct an in camera review of DSS records produced to the court, and never to permit copying or redisclosure to the parties.[FN3]
The Court generally permits limited inspection by the attorneys, at the courthouse, of those portions of the record deemed to be relevant, competent, and material to the proceeding. The Court is not directing that DSS share its records directly with a non-party, as was the case in Matter of Sarah FF., 18 AD3d 1072 (3d Dept., 2005), wherein the Court directed that the Department of Social Services share its records directly with a Court Appointed Special Advocate (CASA).
Here, the records in question are held by the Court. Accordingly, with due regard for the sensitive nature of such information, the Court will exercise its discretion and permit inspection of the relevant, competent, and material portions of the records by the attorneys for the parties in accordance with FCA § 166. The attorneys shall contact the Chief Clerk to make arrangements to review the records. Inspection is necessary so that the attorneys can be adequately prepared for to offer portions of the records into evidence at the fact-finding hearing. No portion of the materials may be copied or redisclosed except by further order of the Court.[FN4]
Counsel for the mother shall prepare a subpoena ad testificandum for CPS Senior Caseworker Catalina Peruchet, who shall be ordered to appear and give testimony in connection with a fact-finding hearing held on May 11, 2026, at 9:00AM, or at any recess or adjournment date thereof.
WHEREFORE, based upon the foregoing, it is hereby
ORDERED that excerpts from the Department of Social Services records produced pursuant to subpoena at the courthouse for in camera inspection shall be subject to further inspection by the attorneys for the parties. No portion of the records shall be redisclosed or copied except by further order of this Court; and it is further
ORDERED that within ten days of this decision and order counsel for the petitioner shall submit a proposed so ordered subpoena ad testificandum providing for the testimony of CPS Senior Caseworker Catalina Peruchet, who shall appear on May 11, 2026, at 9:00 a.m., or at any recess or adjournment date thereof.
Dated: March 12, 2026
E N T E R
HON. JACQUELINE RICCIANI, FCJ
Papers Considered:
1. Family Offense Petition, filed September 22, 2025.
2. Custody Petition, filed October 15, 2025.
3. Custody Petition, filed November 20, 2025.
4. Notice of Motion and supporting papers, filed February 5, 2026.
5. Affirmation in Opposition, filed February 11, 2026.
6. Order and Subpoena for production, signed February 13, 2026.

Footnotes

Footnote 1:The responsive papers are essentially a cross motion to quash a subpoena ad testificandum and to limit the use of records produced pursuant to the petitioner's proposed order and subpoena duces tecum. 

Footnote 2:The Court must presume that such a substantial omission by the legislature was intentional (see generally People v. Finnegan, 85 NY2d 53, 58-59 [1995]).

Footnote 3:This is the Court's position even though the parties may be entitled to independently request the same information in accordance with SSL § 422(4)(A)(d).

Footnote 4:In the course of the fact-finding hearing, it may be necessary for the court to copy portions of the records for use by the attorneys, but they will not be permitted to retain such copies.